ANDERSON, Respondent, vs. FIREMEN RELIEF ASSOCIATION OF THE CITY OF MILWAUKEE, Appellant.

*April 10—May 1, 1914.*

*Firemen relief association: Membership and beneficiary rights: Forfeiture: Insanity of member.*

1. Under sec. 1987, Stats., and sec. 3, art. XI, of the articles of association of the Firemen Relief Association of the City of Milwaukee, the mere fact that a member of that association ceased to be an active member of the fire department of the city did not operate to cancel his certificate of membership or forfeit the beneficiary rights so long as his name remained on the rolls as that of a member in good standing.

[2. Whether a member of the fire department of the city of Milwaukee—in this case one whose particular duty was to attend to the boiler on a fire boat—was an officer whose office became vacant under sec. 962, Stats., when he was adjudged insane, not determined.]

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover on a beneficiary right. The facts as found are these:

1. Plaintiff is the widow of Robert J. Anderson.

2. Defendant is a corporation organized under the laws of this state.

3. Plaintiff's deceased husband became a member of the fire department of the city of Milwaukee May 17, 1904. He duly qualified as such and as a city officer under the charter of the city, and continued in his position until he died, unless he lost his place by operation of law. He showed symptoms of mental impairment for some time prior to March 13, 1912. On such day, while going from his place of work to his home, he became violently insane. March 19th thereafter he was, in due form, adjudged insane and placed under restraint. Soon thereafter he became afflicted with blood poisoning. That hastened his death which occurred April 27, 1912. His particular work as a fireman was to attend to the furnace on a fire boat.

4. Mr. Anderson became a member of defendant December 1, 1904, and remained such in good standing until his death.

5. By defendant's organic act it is liable to the widow of a deceased member, in case of there being such, in the sum of $1,500, contingent upon his dying while in good standing as such member.

6. Mr. Anderson satisfied all the conditions of the liability aforesaid.

7. Plaintiff complied with all conditions precedent to her right to realize on her beneficiary right.

On such facts judgment was awarded plaintiff for $1,500.

For the appellant there were briefs by *Thos. H. Dorr,* attorney, and *H. K. Curtis,* of counsel, and oral argument by *Mr. Dorr.*

*F. H. Gugel,* for the respondent.

MARSHALL, J.     The liability of defendant must be tested by sec. 1987, Stats. It is a corporation existing thereunder. That with the articles of association and by-laws made in conformity thereto constitute the measure of its power and responsibilities.

The constitution of appellant, existing as stated, provided as to members of the class to which respondent's husband belonged, viz. one whose membership commenced subsequent to the 1st day of May, 1899, as follows: they "shall not be entitled to any advantages and benefits of such association from and after the time they cease to be active members of the police or fire department." That is a part of sec. 1987 aforesaid. Sec. 1, art. IX, of the articles of association provided for payment of $1,500 to the beneficiary of a deceased member upon condition of his being in good standing at the time of his death and the required proof being made.

The trial court found that the two provisions of appellant's constitution mentioned were satisfied. Appellant's counsel

challenges that upon the ground that the membership of the assured ceased upon his being adjudged insane, basing that on sec. 1, ch. II, of the Milwaukee charter, making members of the fire department officers, and sec. 962 of the Statutes which provides that every office shall become vacant in the event of the incumbent being duly adjudged insane.

Possibly the trial court overlooked the fact that sec. 1, art. IX, of defendant's articles of association does not constitute the sole test of whether a person circumstanced as respondent is, has a valid claim against appellant. The legislation as it existed when such article was adopted, was later amended by ch. 145, Laws of 1899, so as to provide that

"In case any member of such association shall cease to act with the fire or police department of which he has been a member, after five years of service, he shall continue to enjoy all the advantages and benefits of the association as long as he complies with the rules, regulations and by-laws of the same and pays his dues, unless the connection of such person with either of said departments was discontinued for the good of the service, provided that all persons becoming members of such association on and after the first day of May, 1899, shall not be entitled to any of the advantages and benefits of said association from and after the time when they cease to be active members of the police or fire department. . . ."

Respondent's husband belonged to the special class mentioned. Pursuant to the amended act appellant adopted sec. 3, art. XI, of its charter, which provides that

"Whenever any member of this association shall cease, for any reason, to be an active member of the fire department of the city of Milwaukee, he shall cease to be a member of this, *The Firemen Relief Association of the City of Milwaukee, and his name shall be stricken from the rolls, and he shall thereby* forfeit all claim to membership, and his membership certificate canceled and shall be void, and neither he nor his beneficiaries shall have any claim against said association for relief moneys in any manner, and said association shall in no manner be liable to any person or persons whomsoever there-

after; provided, that the provisions of this section shall not apply to those who became members of this association before May 1, 1899."

Thus it will be observed that the law treats members of the fire department in active service, who became such members after the 1st day of May, 1899, as in a class by themselves. As to them active service is a condition of the member's "advantages and benefits of such association." The condition of inactivity acts automatically upon the member's "advantages and benefits of the association." But does that cut off the rights of his beneficiary so long as the member, though excusably inactive, remains such, keeping up his dues as provided in sec. 1, art. X, and his name is still carried on the rolls? It does not seem so. The law does not so expressly provide. It will fairly admit of a different construction in harmony with our view of sec. 3, art. XI, of appellant's charter. A construction which would cut off the beneficiary in case of cessation of active service by sickness, would make rights of that character contingent upon death while actively, in the strict meaning of the law, in service.

It seems that the association observed some ambiguity in respect to whether mere inactivity of a member would be fatal to the rights of his beneficiary, though his name still remained on the rolls and he was a member in good standing, preserving the beneficiary's right under the terms of sec. 1, art. IX; so sec. 3, art. XI, was adopted, under which forfeiture of membership, cancellation of membership certificate, and forfeiture of beneficiary rights, does not occur automatically upon the person ceasing to be an active member of the fire department. Operation of this clause waits upon the name of the member being "stricken from the rolls" of the association. The language is peculiar but plain. "He shall cease to be a member of this, *The Firemen Relief Association of the City of Milwaukee, and his name shall be stricken from the rolls and he shall thereby forfeit,*" etc., **and**

*"neither he nor his beneficiary shall have any claim,"* etc. The article contemplates some action on the part of the association before forfeiture of membership and beneficiary rights occurs.

In view of the foregoing, whether respondent's husband was an officer whose place became vacant by the adjudication of insanity as claimed by appellant, is immaterial. It did not operate to cancel the certificate of membership in appellant association and forfeit the beneficiary right, so long as Anderson's name remained on the rolls as that of a member in good standing. It so remained up to the time of his death and the rights of respondent then became fixed beyond power of disturbance by any act of appellant. Therefore, the judgment must be affirmed.

*By the Court.*—It is so ordered.