Travelers Ins. Co. *v.* Lutz.

(No. 414168—Decided October 15, 1964.)

*Mr. Michael L. McGowan,* for plaintiff.
*Mr. Edward H. Corbett,* for defendant.

Reed, J.   Plaintiff insurance company alleges that it was subrogated to medical payments made by it to one Frances Jean Walker, wife of insured; that Frances Jean Walker executed a subrogation agreement whereby she assigned her claim against defendant third-party tort-feasor to plaintiff.

The demurrer is based on several grounds, some of which are based on decisions made in comparative antiquity and in days long before the frantic automobile age.   These grounds may be summarized as follows:

1.   There is no fund capable of assignment until judgment.
2.   That such an assignment is in derogation of the com-

mon law and cannot be made assignable without specific authorization of the Legislature.

3. Such an assignment is against public policy.

The court will now discuss these grounds of demurrer in order.

In the past it has been frequently stated that it is impossible to make an assignment of an action to recover for personal injuries. See 40 A. L. R. 2d. 502:

"It seems that few legal principles are as well settled, and as universally agreed upon, as the rule that common law does not permit assignments of causes of action to recover for personal injuries."

See *Pennsylvania Co.* v. *Thatcher*, 78 Ohio St. 175, in which the first paragraph of the syllabus is:

"An equitable assignment to an attorney, of an interest in the proceeds of a compromise of a cause of action in tort, cannot be enforced in a suit at law at the instance of the assignee against the tort-feasor only. The *P., C., C. & St. L. Ry. Co.* v. *Volkert*, 58 Ohio St. 362, approved and followed."

In 1953, Section 2305.21, Revised Code was passed. It provides that causes of action for injuries to person or property shall survive and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

As late as 1960, in the case of *Goings* v. *Black*, 82 Ohio Law Abs. 289, the Common Pleas Court of Franklin County has indicated that it accepted the basic premise that actions for injury to person or property are assignable although obviously not assignable at common law. The court goes on to state that in Ohio decisions on contingent fees to attorneys are upheld, not as assignments in law but merely as equitable assignments which cannot be enforced in a suit at law. The court in this case held that an assignment of a contingent fee to a disbarred attorney could not be upheld as it would permit the disbarred attorney to represent himself and in effect permit him to represent a client.

The court cannot consider that this is a ruling against contingent fee contracts together with assignment of a portion of the claim.

In the case of *P., C., C. & St. L. Ry Co.* v. *Volkert*, 58 Ohio

St. 362, an assignment to an attorney of one-half of a judgment was held to be valid and the defendant railroad company could not avaid liability by making a separate settlement with the assignor.

Whatever may have been the rulings of the court with reference to assignments for attorney fees, the present doctrine appears to be that subrogated insurance companies are entitled to sue in their own names for the part of a claim for damages arising out of an accident which have been assigned to them under a subrogation agreement.

In 1945 the Supreme Court in the case of *Vasu* v. *Kohlers, Inc.*, 145 Ohio St. 321, ruled that the verdict for defendant in an action by a subrogated insurance company, which had been subrogated to a claim for property damage, was not a bar to an action by the assignor—insured for personal injuries. The court in the sixth paragraph of the syllabus in that case ruled as follows:

"Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation as to the injury to property, to come into operation for the benefit of the person injured, the indemnitor may prosecute a separate action against the party causing such injury for reimbursement for indemnity monies paid under such contract."

At the same time the Supreme Court enunciated in the fourth paragraph of the Syllabus of that case a doctrine which it later had to repudiate. It stated:

"Injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action * * *."

It is to be pointed out that that case clearly indicates that there is no public policy against the assignability of a tort claim with reference to that part of the tort claim which covers damages to an automobile, and the court further seems to concede that there is no problem with reference to the fact that such an assignment, being an assignment of only a portion of a claim, is purely an equitable assignment. This question is not really covered but the court seems to feel that there is no pro-

blem with reference to the assignability of the property damage part of the claim.

In that case the court discusses at great length the problem of just what is a cause of action and the court mentions that under one concept of this term, "designated by some law writers as the pragmatic concept" the rule is that there is but one cause of action arising out of a given set of facts constituting a tort. The court further mentions the individualistic concept which is that a single tort injuring person and property gives rise to two different causes of action. The Supreme Court in that case accepts the latter view and in this way upholds the assignability of the property damage claim as a separate cause of action.

In the case of *Rush* v. *City of Maple Heights*, 167 Ohio St., 221, decided in 1958, the court overrules the fourth paragraph of the syllabus in *Vasu* v. *Kohlers Inc.* by ruling that when a person suffers both personal injury and property damage as a result of the same wrongful act, only a single cause of action arises, and that the different injuries were separate items of damages from such act. The court was compelled to reach this decision with reference to a party who had filed a claim for property damage which had resulted in a judgment for the plaintiff in the amount of $100 and thereafter she attempted to file for personal injury. The court ruled that the previous adjudication between the same parties prevented further recovery on the personal injury case.

The next decision in point of time which bears on this question is the case of *American Ins. Co.* v. *Ellsworth Freight Lines, Inc.*, 113 Ohio App. 426, decided in 1960 by the Court of Appeals for Lucas County. The following rule was there summarized in the second paragraph of the syllabus:

"Notwithstanding the rule against the splitting of causes of action, an insurer who, in compliance with his contract of insurance, has taken an assignment or become subrogated to that portion of the claim of its insured against a defendant for property damage, is not estopped to prosecute an action in its own behalf against such defendant by reason of the fact that the insured has prosecuted an action and recovered damages for personal injury against such defendant."

In that case the court discussed *Vasu* v. *Kohlers, Inc.*, *supra*, and *Rush* v. *City of Maple Heights, supra*, and came to the conclusion that, while Ohio has adopted the rule that both property and personal injury arising out of one tortious act constitute one cause of action, yet in the case of a subrogated insurance company the court will make an exception to the general rule that a cause of action cannot be split. The court does not even discuss the problem of "equitable assignment" but seems to consider that this is no longer any problem.

The most recent decision by the Ohio Supreme Court on these questions appears to be *Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5. This involved an action in the Marion Municipal Court for damages arising out of an automobile accident whereby one Gertrude Peterson was injured and her automobile was damaged. Plaintiff, The Hoosier Casualty Company had paid Gertrude Peterson all but $50 under a deductibile collision policy for the property damage. The defendant claimed that Gertrude Peterson in a separate action had sought to recover personal injuries and that that case had been settled and dismissed with prejudice and that said Gertrude Peterson executed a release of all claims. Defendant Carl Davis filed a motion for judgment on the pleadings which was sustained by the Marion Municipal Court.

The court pointed out that the plaintiff was subrogated to only part of the property damage by reason of the $50 deductible provision in the policy. The court ruled that it is desirable that where the property damage is split up both the deductible and nondeductible portions of the property damage be united in one petition. The court says, however, that it is not necessary to do so but that the defendant may ask for an order making the damaged party a party to the action. The court stated in the third paragraph of the syllabus:

"Where only a part of a property damage claim is paid by the insurer and it becomes subrogated to only a part of the claim against the tort-feasor, such tort-feasor may require either the assignor or the subrogee to be made a party to an action brought against him by the other."

The court points out that under *Rush* v. *City of Maple Heights, supra*, the holder of a single cause of action cannot

himself split it so as to bring two actions out of one cause of action. On the other hand, the court indicates that one who has succeeded to a part of a claim, by virtue of a contract of assignment, should not be precluded from recovering on that part by payment to his assignor of the unassigned portion of the claim. The court says this was particularly true where the tort-feasor had knowledge of the assignment. The Supreme Court therefore reversed the decision of the Marion Municipal Court, and held that the Municipal Court should have permitted plaintiff to proceed with his case. Judge Taft wrote a very interesting separate opinion in which he referred to the old case of *P., C., C. & St. L. Ry. Co.* v. *Volkert*, 58 Ohio St. 362 (decided in 1898) which held that an assignment of one-half of a judgment was valid. The writer of this opinion is not certain that this covers the situation where we have not a judgment but an unliquidated tort claim. At any rate Judge Taft points out the provisions of Section 2307.05, Revised Code, stating that an action must be prosecuted in the name of the real party in interest and Section 2307.20, Revised Code, holding that parties united in interest can be forced to join by motion of the defendant. In other words, the basis of this decision seems to be that even though normally the plaintiff himself cannot split up his cause of action so that he files two separate suits, nevertheless, where he has assigned part of his cause of action to someone else even though it is all one cause of action, such third party can file a separate action and recover.

The defendant in this case may say that he is subjected to two separate suits for one cause of action. Under the holding of the *Hoosier case* it would appear possible that if the defendant claims he is being harmed by this situation he may ask for an order bringing in the assignor as an additional party defendant.

In any event the law of Ohio now appears to be relatively clear to the effect that all courts will honor an assignment to a subrogated insurance company of a part of a cause of action arising from the tortious injury.

This court is therefore of the opinion that even without action of the Legislature the courts of Ohio have come to the conclusion that subrogation should be permitted in cases involving insurance companies who have paid part of the damage.

With reference to public policy, this court is of the opinion, as stated in *Smith* v. *Motor Club of America Insurance Co.*, 45 N. J. Super. 37, 148 A. 2d 37, that "Public policy is declared by the Legislature, and it is not the province of the court to declare it, but the court is required to follow it."

As a matter of fact the court is cognizant of the problem confronting most motorists in this modern age of many and expensive accidents whereby insurance rates have been raised each year by a substantial amount.

It would therefore seem that any action which might help settle the disputes involved and which is not definitely improper should be permitted.

In many cases, it is common knowledge that the plaintiff in a medical pay policy is paid once by the insurance company and under the law of Ohio is entitled to recover a second time for those same medical payments from the tort-feasor.

If the insured and the insurance company wish to enter an agreement whereby the insurance company is subrogated to such medical payments it is impossible to see why this is an unfair or improper result. If this can be done with reference to property damage payments which the courts of Ohio construe as splitting a cause of action, it certainly can be done for medical pay payments which likewise is splitting a cause of action.

The Superintendent of Insurance of the State of Ohio has full authority to deny a license to any companies who fail to comply with his orders and there is no claim on the part of the defendant that the Superintendent of Insurance of Ohio has intervened or taken any action to prevent the type of policy set forth in plaintiff's petition. Normally parties are free to contract as they desire and the court can see nothing against public policy in holding that medical payments can be matters of subrogation as well as property damage.

Construing the allegations of the petition most favorably for the plaintiff, it is apparent that the plaintiff claims it received a subrogation assignment or agreement from the wife of the insured to whom such medical payments were made. The court is unable to understand that it makes any difference to whom such payments are made so long as the subrogation receipt is signed by the party receiving same or by a party in interest. Obviously the husband would be liable for his wife's

medical expenses and therefore such payments inured to his benefit.

In the case of *Smith* v. *Motor Club of America Insurance Co., supra,* the New Jersey court definitely ruled that the provision in an insurance policy for subrogation on medical payments was not against public policy.

The case of *Peller* v. *Liberty Mutual Fire Ins. Co.,* 34 Cal. Rep. 41, is not in point as the California Code provided against the assignability of causes of action arising out of personal injuries.

It is the opinion of the court that some clarification of this entire matter by the Legislature would be helpful but that until such clarification takes place there is no rule against the subrogation on medical payments.

Accordingly demurrer of defendant is overruled and defendant is granted exceptions.

· *Demurrer overruled.*