John Damhesel, Plaintiff-Appellant, v. Hardware Dealers Mutual Fire Insurance Company, Defendant-Appellee.

Gen. No. 49,777.

First District, Second Division.

April 27, 1965.

Basil C. Elias, of Chicago (Merwin Auslander, of counsel), for appellant.

Jacobs and McKenna, of Chicago (Barry L. Kroll and John F. White, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from an order entered March 9, 1964, which granted appellee's motion for a judgment on the pleadings. The facts are not in dispute; the only question before us is one of law.

The appellant was a passenger in an automobile owned and operated by one George Kleckauskas when it was involved in an accident with an automobile operated by Peter Spogis. It is undisputed that the accident was caused by the negligence of Spogis.

At the time of the accident, Kleckauskas was covered by an automobile liability insurance policy issued by the appellee which contained provisions for the payment of reasonable medical expenses up to $500 to passengers in insured automobiles.

The appellant settled his claim for personal injuries with Spogis and executed a general release. He then brought this action to recover under the insurance policy issued by appellee. The contract of insurance contained the following subrogation clause:

"6. Subrogation . . .

"In the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

The judgment on the pleadings was granted because the court below felt that appellant had breached this clause by executing a general release for a valuable consideration. Such a release was, justifiably, considered to prejudice the rights of the insurance company.

The appellant urges that the subrogation clause is void as against public policy on two grounds. The first ground is that this clause acts as an assignment of a personal tort—something clearly forbidden by

the laws of this State. The second ground is that it is against public policy to permit subrogation in a non-indemnity type insurance policy.

■ It is clear that the subrogation clause of the policy before us does not constitute an assignment of a personal tort. As was said in Remsen v. Midway Liquors, Inc., 30 Ill App2d 132, 143, 174 NE2d 7, 12 (1961):

> "Subrogation presupposes an actual payment and satisfaction of the debt or claim to which the party is subrogated, although the remedy is kept alive in equity for the benefit of the one who made the payment under circumstances entitling him to contribution or indemnity while assignment necessarily contemplates the continued existence of the debt or claim assigned. Subrogation operates only to secure contribution and indemnity, whereas an assignment transfers the whole claim. 6 CJS Assignments, Sec 2b(12)."

In the case at bar, the contract of insurance clearly looked to subrogation rather than assignment of a tort. The insurance company would have paid the amount due the appellant thus satisfying his claim. The company would then have sought contribution from Spogis, who was ultimately liable. The Remsen case clearly controls the situation before us and we hold that this contract of insurance allowed the insurance company to be subrogated to the claim of the insured and did not act as the assignment of a personal tort.

■ The next claim is that subrogation should not be allowed in non-indemnity type insurance contracts. Assuming for the purposes of argument that this is a correct statement of the law, it is clear that the insurance contract in question is an indemnity contract. The contract was not one where a person was to be paid a certain amount for the loss of an arm and

281

another certain amount for a broken leg. This contract was to indemnify the appellant for medical expenses resulting from an accident. The amount to be paid under the contract would depend on the amount spent by the appellant for the proper care of his injuries. It is clear that the policy was one of indemnity, and we so hold.

The order of the Circuit Court of Cook County is affirmed.

Order affirmed.

BURKE, P. J. and LYONS, J., concur.