Romeo Bernardini and Joyce Bernardini, Plaintiffs-Appellees, v. Home and Automobile Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 50,189.

First District, Second Division.

November 16, 1965.

Ernest K. Koehler, of Chicago (Robert E. Gordon, of counsel), for appellant.

Thomas P. Cernek, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiffs filed a complaint to recover reasonable medical expenses incurred by them resulting from an automobile accident on March 26, 1963. On that day, Romeo Bernardini (one of the plaintiffs) owned and operated an automobile in which Joyce Bernardini (the other plaintiff) was a passenger, which was involved in a collision with a vehicle driven by Stewart E. Swanson. At the time of the collision the plaintiffs were covered by a policy of insurance issued by Home & Automobile Insurance Company which provided for the payment of all reasonable medical expenses incurred within one year of an accident. The insurance policy contained an express medical subrogation clause and a clause requiring the co-operation of the insured in relation thereto. The plaintiffs effected a settlement through the Allstate In-. surance Company, the insurer of Swanson, and executed a general release in favor of Swanson. The defendant refused to pay the medical bills incurred by the plaintiffs, claiming that the plaintiffs prejudiced its subrogation rights contained in the policy. In the trial the parties stipulated to the existence of the insurance contract, the collision, the subrogation and cooperation clauses in the insurance contract and the execution by plaintiffs of a general release in favor of Swanson. The trial court rendered judgment for the plaintiffs, holding that the medical subrogation clause was an assignment of a personal tort and thus void as against public policy. Defendant appealed. The plaintiffs maintain that the clause in issue is an attempted assignment of an integral part of a personal injury tort and is void as against public policy. Defendant contends that the clause grants the well recognized right of subrogation to recover, from a third-party tort-feasor, the payments made to reimburse the insured for medical expenses caused by the tort-feasor; that the medical subrogation clause in the

466

insurance contract is not an assignment of a personal tort and that when the insured executes a general release in favor of the third-party tort-feasor the insured is precluded from recovering from the insurance carrier because he has prejudiced any and all rights which the carrier may have by virtue of the subrogation provision. The defendant also urges that medical expense coverage is one of indemnity and, therefore, one in which subrogation rightfully belongs and that the very nature of the provision and the mechanics of State control as well as the consideration paid by the insured for its benefits make it a beneficial ingredient for the general welfare of the insurance industry and for the people of our society.

■■■■ Both parties to this controversy recognize that in Illinois causes of action for personal torts are not assignable. We agree with the defendant that in the instant case the record does not show an assignment of a personal tort. Subrogation operates only to secure contribution and indemnity whereas an assignment transfers the whole claim. In the instant case the medical subrogation clause does not purport to transfer or assign the entire claim of plaintiffs against the tort-feasor; it impresses a lien in favor of the insurer to the extent of its payment upon any recovery obtained by the plaintiffs from the tort-feasor. The subrogation does not deprive the insured of a recovery for pain and suffering and this is illustrated here in the fact that the plaintiffs recovered much more than their medical expenses which obviously included an undetermined amount for pain and suffering. In Illinois the legislature has vested the Director of Insurance with the rights, powers and duties pertaining to the enforcement and execution of the insurance laws of the state. See Ill Rev Stats 1963, c 73, §§ 755 and 1013. It can be inferred from the fact that the Director of Insurance took no action against the defendant's medical provision of the policy that he felt it did not violate any

provision of the Insurance Code or deceptively affect the risks that are purported to be assumed by the policy.

 In Remsen v. Midway Liquors, Inc., 30 Ill App2d 132, 174 NE2d 7, the court held that subrogation through a "trust agreement" under the uninsured motorist's endorsement of an automobile insurance policy was not an assignment of an action for injuries to the body and thus was not against public policy. At issue was the legal effect of the "trust agreement" whereby the insured in consideration of his own insurance carrier paying him the amount of legal damages flowing from the tort of an uninsured motorist, agreed to hold in trust for his insurer any proceeds that the insured may later obtain from the tort-feasor or any other person legally responsible to the insured up to the amount paid by the insurance carrier. The court held that the agreement was only for subrogation to part of the proceeds of the cause of action which remained in the insured and was not an assignment of a cause of action for tort. The recent case of Damhesel v. Hardware Dealers Mut. Fire Ins. Co., 60 Ill App2d 279, 209 NE2d 876, involved a factual and legal situation parallel to the case at bar. We held that the subrogation clause did not constitute an assignment of a personal tort and that the policy was one of indemnity. In that case we affirmed the judgment of the trial court in favor of the insurer where the insured had settled his claim for personal injuries with the tort-feasor and executed a general release. We decided that the trial court was right in holding that the insured had breached his contractual obligation by executing the general release, which prejudiced the rights of the insurer.

We conclude that the trial court erred in entering judgment for the plaintiffs. The violation by the plaintiffs of the valid subrogation clause precluded their right to recovery.

468

The judgment is reversed and the cause is remanded with directions to enter judgment for the defendant and against the plaintiffs.

Judgment reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.