Jᴏʜɴ Oꜱᴄᴀʀ Wɪʟꜱᴏɴ, Plaintiff-in-Error,

*v.*

Tᴇɴɴᴇꜱꜱᴇᴇ Fᴀʀᴍᴇʀꜱ Mᴜᴛᴜᴀʟ Iɴꜱᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ,
Defendant-in-Error.

411 S.W.2d 699.

(*Knoxville*, September Term, 1966.)

Opinion filed December 14, 1966.

Petition for Rehearing Denied February 15, 1967.

PAUL T. GILLENWATER, Knoxville, for plaintiff in error.

ANDREW JOHNSON, of counsel, KRAMER, DYE, GREEN-WOOD, JOHNSON & RAYSON, Knoxville, for defendant in error.

562

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Plaintiff-in-error, John Oscar Wilson, hereinafter referred to as petitioner, filed the petition in this cause against Tennessee Farmers Mutual Insurance Company, hereinafter referred to as the defendant, under the Declaratory Judgments Act. The defendant filed an answer to the petition. The matter was tried upon a stipulation of facts.

The facts are that defendant issued an automobile liability insurance policy to petitioner. The policy was in force on May 16, 1964, at which time petitioner was involved in an automobile accident resulting in personal injuries. As a consequence of his injuries, petitioner was required to be hospitalized and to incur medical expenses in excess of $1,000.00.

The insurance policy provided, among other coverage, for payment of medical expenses to or for persons injured while riding in petitioner's automobile to a limit of $1,000.00. Upon demand of the petitioner, the defendant paid him the sum of $1,000.00. Petitioner executed a

release and subrogation agreement in which he released all claims under the medical payment coverage of the policy and expressly subrogated defendant to the extent of the payment made to all petitioner's rights against any third party that may be liable for the loss.

The subrogation agreement provides, in part:

"In consideration of and to the extent of said payment, the undersigned hereby subrogates said Company, to all of the rights, claims and interests to the extent of the Company's payment under coverage 'C' which the undersigned may have against any party, person or persons, property or corporation liable for the loss mentioned above, and authorizes the said Company to sue, compromise, or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims, in the name of the undersigned with the same force and effect as if the undersigned executed or endorsed them."

The policy of insurance contains a section entitled, "Policy Conditions." Under this section it is stated: "The policy conditions apply to all coverages unless otherwise noted." Paragraph 4 of this Section provides:

"Upon payment under this policy, the Company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such right and do nothing to prejudice them."

As a result of the automobile accident on May 16, 1964, petitioner brought suit against the operator of the other automobile involved in the accident to recover

damages for his personal injuries, losses and medical expenses. This litigation was pending at the time the petition in this cause was filed.

There have been negotiations for a settlement of the litigation and petitioner has been tendered a sum of money in settlement of his claim for personal injuries, **losses and expenses.**

It was the petitioner's contention in the trial court **the subrogation clause** contained in his policy was null and void as against public policy and the laws of this State.

On the other hand, it was the contention of the defendant the subrogation clause in the policy and the subrogation agreement executed by the petitioner were valid and enforceable agreements.

The trial court held as follows:

"The court is of the opinion and does hold that if the subrogation clause contained in the insurance policy and the subrogation agreement executed by **petitioner** purport to pass to the Insurance Company the right to go out and institute a cause of action against the tort-feasor to recover the amount claimed, it is invalid and void; but, on the other hand it is the opinion of the court and the court holds that this agreement constitutes a contract between the insurance company and the injured party whereby that party undertakes to save the Company harmless or to refund these moneys, not by authorizing the Insurance Company to institute suit for in that event it would be void, but the court holds that it does constitute a contract and an undertaking whereby the insured will refund to the Insurance Company the

amount paid him under the policy if the insured collects for his injuries from the tort-feasor, which contract is valid and enforceable.''

Petitioner has perfected an appeal to this Court and has assigned as error the action of the trial court in holding the defendant was subrogated to the right of petitioner to the extent of the medical payments made to petitioner.

Petitioner insists the agreement executed by the petitioner is an assignment; and that a right of action ex delicto is unassignable in this State.

To meet this argument defendant insists the agreement is one of subrogation as authorized by Paragraph 4 of that section of the policy designated as ''Policy Conditions'' which we have above quoted. Specifically, defendant insists the medical subrogation clause of the policy is valid and enforceable regardless of the agreement executed by petitioner.

■■ We agree with defendant the record in this cause does not show an assignment of an action for a personal tort. Subrogation means substitution, not assignment or transfer. Subrogation operates only to secure contribution and indemnity; whereas, an assignment transfers the whole claim. *Bernardini et al. v. Home and Automobile Insurance Company*, 64, Ill.App.2d 465, 212 N.E.2d 499 (1965).

■ The medical subrogation clause in the policy nor the subrogation agreement executed pursuant to the contract clause do not purport to assign or transfer the entire claim of petitioner against the tort-feasor; they merely secure contribution and indemnity to the extent of the medical payment made to petitioner.

It is common knowledge that a plaintiff holding an automobile liability policy providing for medical benefits is entitled to those payments when injured in an automobile accident and under the law of this State is also entitled to recover for those same medical payments from the tort-feasor. If such plaintiff and his insurance company wish to enter into an agreement whereby the insurance company is subrogated to such medical payments, we fail to see the unfairness of such contract. In this State, subrogation agreements are permitted for property damage payments and we know of no reason why subrogation should not be allowed for medical payments. Generally, parties may contract as they wish and we cannot see that it is against public policy for the parties to contract for subrogation of medical payments. To hold otherwise would permit an injured plaintiff to recover twice for the same medical expenses. This should not be permitted.

The above reasoning was applied in the case of *Travelers Insurance Company v. Lutz,* 3 Ohio Misc. 144, 210 N.E.2d 755 (1955), involving the same question as we have in the instant case.

In the case of *United States Fidelity & Guaranty Company v. Elam,* 198 Tenn. 194, 278 S.W.2d 693 (1955), an injured employee brought an action against the tort-feasors responsible for his injuries. He had been paid medical expenses by his employer's compensation insurance carrier. The compensation insurance carrier intervened in the tort action seeking to recover the medical expenses paid the employee under a subrogation provision in the compensation insurance policy. This Court held the intervener was entitled to recover from the injured employee and his tort-feasors the entire

medical expenses paid by the intervenor to the employee by virtue of the subrogation provision of the policy.

We conclude the medical subrogation clause of the policy is valid and enforceable.

The assignment of error is overruled and petitioner will pay the costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

## On Petition to Rehear

Plaintiff-in-error, John Oscar Wilson, has filed an earnest petition to rehear. Petitioner insists we were in error in holding respondent was subrogated to the rights of petitioner against any third party that may be liable for his medical expenses.

Petitioner insists, as he did at the original hearing, the agreement executed by the petitioner was an assignment and not a subrogation agreement.

■■ Thus, the petition points out no matter of fact or law overlooked, but only re-argues a matter which able Counsel insists was improperly decided, after argument and full consideration. Such petition presents no ground for a rehearing.

"The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration." *Logan v. Reaves,* 209 Tenn. 631, 354 S.W.2d 789 (1962).

The petition is denied at petitioner's cost.