97 N.J. Super. 54 (1967)
234 A.2d 250
MARY L. BUSCH, PLAINTIFF-APPELLANT,
v.
THE HOME INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1967.
Decided October 11, 1967.
*55 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Vincent J. McMann, Jr. argued the cause for plaintiff-appellant (Messrs. O'Gorman & McMann, attorneys).
Mr. Robert J.C. McCoid argued the cause for defendant-respondent (Messrs. Schneider & Morgan, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant Home Insurance Company (Home) issued an automobile liability policy to plaintiff which contained "Medical Expense" coverage. She was injured when her automobile collided with another. She settled her claim against the driver of the other car for $14,000 and gave him a general release, and then she demanded $3,250 from Home for her medical expenses. Home refused to pay it on the ground that she had recovered the sum from the tortfeasor and had destroyed the right of subrogation reserved to Home by the policy. Plaintiff then sued Home, but the trial court entered summary judgment in Home's favor, citing Rogers v. American Fidelity & Casualty Company, Inc., 52 N.J. Super. 254 (App. Div. 1958) and *56 Smith v. Motor Club of America, 54 N.J. Super. 37 (Ch. Div.), affirmed 56 N.J. Super. 203 (App. Div. 1959), certification denied 30 N.J. 563 (1959). Plaintiff appeals. We affirm.
Plaintiff argues that "To allow medical payments subrogation violates two important legal principles. First, it violates the principle against assigning a personal injury claim, and second it violates the principle against splitting a cause of action." In support of this proposition plaintiff cites Peller v. Liberty Mutual Fire Insurance Co., 220 Cal. App.2d 610, 34 Cal. Rptr. 41 (D. Ct. App. 1963); Wrightsman v. Hardware Dealers Mutual Fire Insurance Co., 113 Ga. App. 306, 147 S.E.2d 860 (App. Ct. 1966); Travelers Indemnity Co. v. Chumbley, 394 S.W.2d 418 (Mo. App. 1965) and Harleysville Mutual Insurance Co. v. Lea, 2 Ariz. App. 538, 410 P.2d 495 (Ct. App. 1966).
We disagree. An assignment is a transfer by action of the transferor, whereas subrogation is an equitable right which arises out of the facts and which entitles the subrogee to collect that which he has advanced. See e.g., Standard Accident Ins. Co. v. Pellecchia, 15 N.J. 162 (1954); Bd. of Ed., Woodbridge Tp. v. Kane Acoustical Co., 51 N.J. Super. 319 (App. Div. 1958); DeCespedes v. Prudence Mut. Cas. Co. of Chicago, 193 So.2d 224, 227 (Fla. App. 1966); Kimball and Davies, "The Extension of Insurance Subrogation," 60 Mich L. Rev. 841 (1962). See also 8 Appleman, Insurance § 4935, p. 461, fn. 59.10 (1962), and 16 Couch on Insurance (2d ed.), § 61.92, pp. 289-290; Shelby Mutual Ins. Co. of Shelby, Ohio v. Birch, 196 So.2d 482 (Fla. App. 1967); Damhesel v. Hardware Dealers Mutual Fire Ins. Co., 60 Ill. App.2d 279, 209 N.E.2d 876 (App. Ct. 1965); Wilson v. Tennessee Farmers Mutual Ins. Co., 411 S.W.2d 699 (Tenn. Sup. Ct., 1967); Hospital Service Corp. of R.I. v. Pennsylvania Ins. Co., 227 A.2d 105 (R.I. Sup Ct., 1967); Associated Hosp. Service, Inc. v. Milwaukee Automobile Ins. Co., 33 Wis.2d 170, 147 N.W.2d 225 (Sup. Ct. 1967).
*57 Plaintiff contends that permitting subrogation for medical payments may cause many practical difficulties, especially where payment is made by the insurer and then the insured makes, or seeks to make, a compromise settlement with the tortfeasor. The short answer to this argument is (1) no such difficulty exists here, and (2) the question of whether a provision for subrogation should not be permitted in a policy because impractical or unfair is for the Commissioner of Banking and Insurance to decide. Smith v. Motor Club of America, supra.
We have examined plaintiff's remaining arguments and find them without merit.
Affirmed.