**Thomas J. HIGGINS, Appellant,**

v.

**ALLIED AMERICAN MUTUAL FIRE IN-
SURANCE COMPANY, Appellee.**

No. 4043.

District of Columbia Court of Appeals.

Argued Oct. 9, 1967.

Decided Jan. 19, 1968.

Hyman J. Cohen, Washington, D. C., for appellant.

John J. O'Neill, Jr., Washington, D. C., with whom Brandan G. Fitzpatrick and Robert E. Anderson, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge.

The facts of this case are not in dispute. Appellant was in an automobile collision and was injured and incurred medical expenses. He made claim against the driver of the other automobile and received in settlement $4,050, for which he gave a general release. At the time of the accident appellant had a policy issued by appellee insurance company which provided medical payment coverage. After settling with the tort-feasor, appellant demanded payment by appellee of $541.35 for medical expenses under his policy.

The policy provided appellant with $2,000 of coverage for medical expenses, but contained the following condition:

In the event of any payment under the medical expense coverage of this policy, the company shall become subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. *Such person shall do nothing after loss to prejudice such rights.* (Emphasis added.)

Appellee refused payment on the ground that appellant had materially breached their agreement by executing a general release which prejudiced its right of subrogation expressly reserved under the terms of the policy. Appellant then brought this action to recover his medical expenses. Both sides moved for summary judgment. The trial court awarded judgment in appellee's favor, and this appeal followed.

The question is simply whether the insured (appellant) is barred from recovery under the medical payment coverage of his policy because he settled his claim against the tort-feasor and executed a full release. The question is new in this jurisdiction. Although the subrogation clause in the medical payment coverage appears to be of fairly recent origin, a surprising

number of cases in other jurisdictions have dealt with the question here presented and the results have been far from uniform.

The attack on the subrogation clause has been based primarily on the contention that such clause in effect attempts to assign a claim for personal injuries and that the common law does not permit such assignment. A number of courts have agreed with this argument and held the clause invalid.[1] Other courts have recognized the validity of the argument, but have sustained the clause on the ground that the common-law rule against assignment no longer prevails in those jurisdictions.[2] Other courts have sustained the clause on the ground that it provides for subrogation and does not constitute an assignment.[3] Some courts have sustained the clause as simply creating an equitable lien against any recovery the insured received.[4] Another court in sustaining the clause has laid much emphasis on the apparent approval of the clause by the Insurance Commissioner of that jurisdiction.[5] Another court has indicated it felt the public policy reasons against assignment of actions for personal injuries were overcome by the current need for hospitalization coverage.[6] A very recent case upholds the clause as between the insurance company and the insured but reserves the question of its validity if used as the basis of a claim against the tortfeasor.[7] In at least one state, legislation has been enacted specifically restricting the use of such clause by insurance companies.[8]

We do not necessarily adopt the exact reasoning of any of the cited cases, but in general we agree with those courts which hold that the clause in question is a contractual subrogation agreement and does not constitute an assignment of a claim for personal injury. Accordingly, we hold the clause valid and an effective bar to appellant's claim.

Affirmed.

1. Harleysville Mut. Ins. Co. v. Lea, 2 Ariz. App. 538, 410 P.2d 495 (1966); Peller v. Liberty Mut. Fire Ins. Co., 220 Cal. App.2d 610, 34 Cal.Rptr. 41 (1963); Wrightsman v. Hardware Dealers Mut. Fire Ins. Co., 113 Ga.App. 306, 147 S.E. 2d 860 (1966); Forsthove v. Hardware Dealers Mut. Fire Ins. Co., 416 S.W.2d 208 (Mo.App.1967); Travelers Indemnity Co. v. Chumbley, 394 S.W.2d 418 (Mo. App.1965).

2. Davenport v. State Farm Mut. Auto Ins. Co., 81 Nev. 361, 404 P.2d 10 (1965); Travelers Ins. Co. v. Lutz, 3 Ohio Misc. 144, 210 N.E.2d 755 (1964).

3. DeCespedes v. Prudence Mut. Cas. Co. of Chicago, 193 So.2d 224 (Fla.App. 1966), aff'd, 202 So.2d 561 (Fla.Sup.Ct. 1967); Damhesel v. Hardware Dealers Mut. Fire Ins. Co., 60 Ill.App.2d 279, 209 N.E.2d 876 (1965); Demmery v. National Union Fire Ins. Co., 210 Pa. Super. 193, 232 A.2d 21 (1967); Wilson v. Tennessee Farmers Mut. Ins. Co., 411 S.W.2d 699 (Tenn.Sup.Ct.1966). See also Davenport v. State Farm Mut. Auto Ins. Co., supra note 2; Tennessee Farmers' Mut. Ins. Co. v. Rader, 410 S.W.2d 171 (Tenn.Sup.Ct.1966); and Associated Hosp. Serv. Inc., v. Milwaukee Auto Mut. Ins. Co., 33 Wis.2d 170, 147 N.W. 2d 225 (1967).

4. Bernardini v. Home and Automobile Ins. Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (1965); Miller v. Liberty Mut. Fire Ins. Co., 48 Misc.2d 102, 264 N.Y.S.2d 319 (1965).

5. Smith v. Motor Club of America Ins. Co., 54 N.J.Super. 37, 148 A.2d 37 (Ch.Div.), aff'd, 56 N.J.Super. 203, 152 A.2d 369 (App.Div.), certification denied, 30 N.J. 563, 154 A.2d 451 (1959). See also Busch v. Home Ins. Co., 97 N.J.Super. 54, 234 A.2d 250 (1967).

6. Hospital Service Corp. of R. I. v. Pennsylvania Ins. Co., 227 A.2d 105 (R.I. Sup.Ct.1967).

7. National Union Fire Ins. Co. v. Grimes, 153 N.W.2d 152 (Minn.1967).

8. Va.Code 38.1–381.2 (Supp.1966).