PER CURIAM.
The defendant in an action to recover medical expenses under an automobile insurance policy has appealed from an adverse final judgment entered by the Circuit Court for Okaloosa County.
The sole question presented for our determination in this appeal, as stated by the appellant in its brief, is whether a provision in an automobile medical payments policy subrogating the insurance company to the rights of recovery for medical expenses which the insured may have against another is invalid under the law of Florida, as held in the judgment appealed from herein.
This question has recently been answered in the negative by two of our sister district courts of appeal and by the Florida Supreme Court.
In DeCespedes v. Prudence Mutual Casualty Co., 193 So.2d 224 (1967) the District Court of Appeal, Third District of Florida, held that an insured was not entitled to a recovery under the medical payment coverage of an automobile policy containing a subrogation clause after the insured had settled his claim against the third-party tort-feasor and executed a full release. In the course of its opinion the district court of appeal said:
“The plaintiffs argue that the subro-gation clause amounts to an attempt to assign a claim for personal injuries, such an assignment being invalid under the common law and not expressly sanctioned by statute. We disagree, noting that such a clause has been enforced or upheld in New York, New Jersey and Illinois, among other states. See Application of Maak, 30 Misc.2d 610, 222 N.Y.S.2d 845 (1961); Smith v. Motor Club of America Ins. Co., 54 N.J. Super. 37, 148 A.2d 37 (Ch.Div.1959), affirming 56 N.J.Super. 203, 152 A.2d 369 (App.Div.1959), cert. den. 30 N.J. 563, 154 A.2d 451 (1959); Bernardi [Bernardini] v. Home & Automobile Ins. Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (1965); Damhesel v. Hardware Dealers Mutual Fire Ins. Co., supra [60 Ill.App.2d 79, 209 N.E.2d 876]; Travelers Ins. Co. v. Lutz, 3 Ohio Mise. 144, 210 N.E.2d 755 (1964).”
The foregoing decision of the Third District Court of Appeal was approved by the Supreme Court of Florida in DeCespedes v. Prudence Mutual Casualty Co., 202 So.2d 561 (1967), as correctly deciding the question involved. To the same effect see the decision of the Fourth District Court of Appeal in Shelby Mutual Ins. Co. v. Birch, 196 So.2d 482 (1967), which decision was likewise approved by the Florida Supreme Court in Birch v. Shelby Mutual Ins. Co., 202 So.2d 561 (1967).
Accordingly, upon the authority of the above-cited cases, the final judgment appealed from herein must be, and it is, reversed, and the cause remanded with directions for further proceedings consistent with the views above set forth.
Reversed and remanded with directions.
WIGGINTON, C. J., and CARROLL, DONALD, K. and RAWLS, JJ., concur.