450 P.2d 458

STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff and Respondent,

v.

FARMERS INSURANCE EXCHANGE, Defendant, Third-Party Plaintiff and Appellant,

v.

Carl R. SESSIONS, Third-Party Defendant.

No. 11350.

Supreme Court of Utah.

Feb. 11, 1969.

W. Brent Wilcox of Hanson & Garrett, Salt Lake City, for appellant.

L. L. Summerhays of Strong & Hanni, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a summary judgment holding that a provision in an insurance policy for the subrogation of the insured's claim for medical payments against a tortfeasor is valid and not against public policy. Affirmed with costs to respondent.

Subrogation springs from equity concluding that one having been reimbursed for a specific loss should not be entitled to a second reimbursement therefor. This principle has been accepted in the insurance field with respect to property damage, and with respect to medical costs by an impressive weight of authority.[1] On the other hand it is generally conceded that a *claim* or cause of action for personal injuries arising out of tort is not assignable.[2] Arguments are persuasive for and against any such distinction. Nonetheless, we presently are constrained to affirm the universal rule of non-assignability of personal injury claims, but also the majority rule as to subrogation provisions contained in insurance policies with respect to medical expenses in cases such as that here.

We have been requested to determine but two points: 1) Whether the policy provision is valid and enforceable, and we say it is, and 2) Whether timely notice of subrogation rights was given here in order to protect plaintiff's subrogation claim. The trial court said adequate notice was given

1. 19 A.L.R.3d 1055 (1968); Wilson v. Tenn. Farmers Mut. (Tenn.1966), 411 S.W.2d 699; Tenn. Farmers Mut. Insurance Co. v. Rader (Tenn.1966), 410 S.W. 2d 171; Anderson v. Allstate Ins. Co. (1966), 266 N.C. 309, 145 S.E.2d 845; Mich. Med. Serv. v. Sharpe (1954), 339 Mich. 574, 64 N.W.2d 713; Nat. Un. Fire Ins. Co. v. Grimes (1967), 278 Minn. 45, 153 N.W.2d 152.

2. 40 A.L.R.2d 502, II (1955).

and the record supports such conclusion, which we affirm.

CROCKETT, C. J., and ELLETT, J., concur.

CALLISTER, Justice (concurring):

I concur with the conclusion of the majority opinion that the subrogation provision in the insurance policy is valid and enforceable. However, the reasons which support the conclusion merit discussion. The decisions from other jurisdictions which have considered the issue of the validity of a subrogation clause under medical payments coverage have been far from uniform both in reasoning and result. An excellent review of these diverse opinions may be found in Higgins v. Allied American Mutual Fire Ins. Co.[1]

The cases which have invalidated the subrogation clause have been premised on the ground that the clause in effect attempted to assign a claim for personal injury, and under the law of the jurisdiction such an assignment was invalid.[2] One line of cases, which is supported by better reasoning, rejects this concept and holds that the subrogation clause does not constitute an assignment of a claim for personal injury.[3] The distinction between an assignment and subrogation is described in 6 C. J.S. Assignments § 2 b(12), as follows:

\* \* \* subrogation presupposes an actual payment and satisfaction of the debtor claim to which the party is subrogated, although the remedy is kept alive in equity for the benefit of the one who made the payment under circumstances entitling him to contribution or indemnity, while assignment necessarily contemplates the continued existence of the debt or claim assigned. Subrogation operates only to secure contribution and indemnity, whereas an assignment transfers the whole claim.[4]

Another aspect which fortifies the validity of the subrogation clause is that the provision for medical payments is in the nature of an indemnity contract, i. e., it indemnifies the insured for medical expenses resulting from the accident, and the amount paid under the contract depends on the amount spent by the insured for the proper care of his injuries.[5] Subrogation is a normal incident of indemnity insurance.

---

1. (D.C.C.A., 1968), 237 A.2d 471.
2. Peller v. Liberty Mutual Fire Ins. Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41 (1963); Travelers Indemnity Co. v. Chumbley (Mo.App.), 394 S.W.2d 418, 19 A.L.R.3d 1043 (1965).
3. See the cases cited in footnote 3 of Higgins v. Allied American Mutual Fire Ins. Co., note 1, supra; e. g. Damhesel v. Hardware Dealers Mutual Fire Ins. Co., 60 Ill.App.2d 279, 209 N.E.2d 876 (1965).
4. Also see 16 Couch on Insurance 2d, § 61:92, pp. 289–290; Kimball & Davis, *The Extension of Insurance Subrogation*, 60 Mich.L.Rev. 841, 866–867.
5. Damhesel v. Hardware Dealers Mutual Fire Ins. Co., note 3, supra.

(16 Couch on Insurance 2d, § 61:8, pp. 241–242.)

Finally, there appears to be a valid distinction in the language of the subrogation clause in the instant case and that found in the cases where the courts have held it to be an assignment of a cause of action for personal injury.[6] In those cases, the insurance company was subrogated to all the insured's rights of recovery therefor, which the insured may have against any person, and the insured shall execute instruments and papers and do whatever else is necessary to secure such rights. In the instant action, the trial court found that the subrogation provision provided that upon payment of medical bills on behalf of the insured, the company should be subrogated to the extent of such payments to the *proceeds* of any *settlement* or *judgment* that might result from the *exercise of any rights of recovery* which the *injured person* or anyone receiving such payment *may have against any person or organization* and that such person should execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person should do nothing after loss to prejudice such rights.

In Peller v. Liberty Mutual Fire Ins. Co.[7] the court rejected the argument that the right to subrogation was distinguishable from an assignment. The court observed that the distinction was purely verbal in that the legal effect of the policy provisions was the same regardless of what term was attached to the procedure, since the result was to transfer the insured's cause of action against a third party tortfeasor to the insurer. In the instant case, even if the subrogation provision were interpreted as an assignment (which this opinion rejects), it assigns solely the proceeds that may possibly be recovered in an action for personal injuries brought against the tortfeasor. This court has previously held that a court of equity will enforce such an assignment even though the cause of action was not assignable.[8]

\* \* \* Subrogation is an equitable device to compel the ultimate discharge of a debt or obligation by the one who in good conscience ought to pay or discharge it.[9]

The judgment of the trial court should be affirmed.

TUCKETT, J., concurs in the concurring opinion of CALLISTER, J.

6. See cases in note 2, supra.
7. Note 2, supra.
8. In re Behm's Estate, 117 Utah 151, 162, 213 P.2d 657 (1950).
9. National Farmers Union Property & Cas. Co. v. Farmers Insurance Group, 14 Utah 2d 89, 92, 377 P.2d 786, 788 (1963).