524 P.2d 1343

**Gary RINEHART and Vicki Rinehart, husband and wife, Plaintiffs-Appellants,**

**v.**

**FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, INC., an Idaho corporation, Defendants-Respondents.**

**No. 11381.**

Supreme Court of Idaho.

July 30, 1974.

Jay D. Sudweeks, May, May & Sudweeks, Twin Falls, for plaintiffs-appellants.

John A. Doerr, Doerr & Reed, Twin Falls, for defendants-respondents.

DONALDSON, Justice.

This is an action brought by the named insureds, plaintiffs-appellants Gary Rinehart and Vicki Rinehart, husband and wife, to recover under the medical payment provisions of an automobile insurance policy issued by respondent Farm Bureau Mutual

Insurance Company of Idaho. The case is of first impression in Idaho, and tests the validity of a subrogation clause in an automobile insurance policy, whereby the insurer, to the extent of advanced medical payments, is subrogated to the insured's rights of recovery against third parties.

The facts of this case are not in dispute. Appellant, Gary Rinehart, was injured in an automobile-motorcycle collision on May 16, 1971. He incurred medical expense in the amount of $2,589.00. Appellants made demands on the driver of the automobile involved in the accident and eventually entered into a compromise settlement for $11,500. In consideration thereof, a release in full of all claims and rights was executed on December 7, 1971.

Appellants then demanded payment of $2,000 under the medical expense provisions of their automobile insurance policy with the respondent and served proof of loss on March 21, 1972. The policy, with stipulated maximum, provided for the payment of all reasonable medical expenses incurred within one year, but also contained the following express medical subrogation clause:

"Subrogation: (a) In the event of any payment under Section III, the Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

"(b) In the event of any payment under the medical expense coverage of this policy the Company shall be subrogated to all the rights of recovery therefor which the injured person or anyone. receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

Respondent refused payment on the ground that appellants had breached the terms of their agreement by executing the general release thereby destroying the right to subrogation reserved by respondent under the policy.

Appellants brought suit and the trial court in holding for respondent found that the agreement had been freely executed, that its terms were unambiguous and comprehensible, and insofar as it provided for the subrogation of medical payments was not against public policy. It further found that appellants' claim for medical payments was assignable, and that the execution of the general release destroyed respondent's right to subrogation vitiating any contractual duties owed. Appeal was taken from the judgment, findings of fact and conclusions of law of the district court.

The question this Court must determine is whether the insured (appellants) have precluded their recovery under the medical payment provisions of the policy by executing a release of claim and right in consideration of settlement. Appellants contend recovery is not barred, basing their argument upon the premise that a subrogation clause is an attempted assignment of a claim for personal injuries. Asserting that such assignments are in contravention of the common law, they argue in effect that the release of claim did not alter respondent's subrogation rights for none existed initially. Appellants further argue that the clause of subrogation is void as against public policy.

Respondent contends that the subrogation clause contained within the policy was not an assignment thereby avoiding the common law prohibition. In the alternative, respondent argues that the common law rule against assignment no longer prevails in this state.

The question before this Court has been decided in many jurisdictions. The cases which invalidate subrogation clauses have been premised upon the appellant's argument that the clauses are in effect a prohibited assignment of a claim for personal

injuries or constitute a splitting of a cause of action.[1] The overwhelming majority of jurisdictions, however, support the validity of subrogation clauses.[2] The courts have made this determination on various grounds: (1) some courts have found the actions sound in contract (Mich., R.I., Wisc.); (2) others have found such actions merely impose an equitable lien (Ill., Minn., N.Y., Va.); (3) still others have found such actions are allowable assignments under statutory law (Nev., N.M., Ohio); (4) most of the courts that have upheld the validity of subrogations clauses, however, have said such actions are not assignments and are distinguishable at common law (Ala., Ark., D.C., Fla., Ill., Ind.,

N.J., N.C., Okla., Ore., Penn., Tenn., Tex., Utah, W.V.). This Court adopts the latter view.

Imel v. Travelers Indemnity Company, *supra*, 281 N.E.2d at 921, set forth a few of the distinctions as follows:

"subrogation secures contribution and indemnity, whereas assignment transfers the entire claim; the consideration in subrogation moves from subrogor [insureds] to subrogee [insurer], whereas in an assignment the consideration flows from assignee to assignor; assignment contemplates the assignee being a volunteer, whereas subrogation rests on a contractual duty to pay; assignment normally covers but a single claim, whereas

1. State Farm Fire and Casualty Co. v. Knapp, 107 Ariz. 184, 484 P.2d 180 (1971); Harleysville Mutual Insurance Co. v. Lea, 2 Ariz.App. 538, 410 P.2d 495 (1966); Block v. Calif. Physicians' Service, 244 Cal.App.2d 266, 53 Cal.Rptr. 51 (1966); Peller v. Liberty Mutual Fire Insurance Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41 (1963); Wrightsman v. Hardware Dealers Mutual Fire Insurance Co., 113 Ga.App. 306, 147 S.E.2d 860 (1966); Forsthove v. Hardware Dealers Mutual Fire Insurance Co., 416 S.W.2d 208 (Mo.App 1967); Travelers Indemnity Co. v. Chumbley, 394 S.W.2d 418 (Mo.App.1965); Lowder v. Oklahoma Farm Bureau Mutual Insurance Co., 436 P.2d 654 (Okl.1967).

2. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Anderson, 48 Ala.App. 172, 263 So.2d 149 (1972); Sentry Insurance Co. v. Stuart, 246 Ark. 680, 439 S.W.2d 797 (1969); Shipley v. Northwestern Mutual Insurance Co., 244 Ark. 1159, 428 S.W.2d 268 (1968); Higgins v. Allied American Mutual Fire Insurance Co., 237 A.2d 471 (D.C. App.1968); Maryland Casualty Co. v. Plant, 208 So.2d 280 (Fla.App.1968); DeCespedes v. Prudence Mutual Casualty Co., 193 So. 2d 224 (Fla.App.1966); Imel v. Travelers Indemnity Co., 281 N.E.2d 919 (Ind.App. 1972); Bernardini v. Home and Automobile Insurance Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (1965); Damhesel v. Hardware Dealers Mutual Fire Insurance Co., 60 Ill.App.2d 279, 209 N.E.2d 876 (1965); Remsen v. Midway Liquors, Inc., 30 Ill.App. 2d 132, 174 N.E.2d 7 (1961); Michigan Medical Service v. Sharpe, 339 Mich. 574, 64 N.W. 2d 713 (1954); National Union Fire Insurance Co. v. Grimes, 278 Minn. 45, 153 N.W. 2d 152 (1967); Davenport v. State Farm Mutual Automobile Insurance Co., 81 Nev.

361, 404 P.2d 10 (1965); Smith v. Motor Club of America Insurance Co., 54 N.J.Super. 37, 148 A.2d 37 (1959); Busch v. Home Insurance Co., 97 N.J.Super. 54, 234 A.2d 250 (1967); Jacobson v. State Farm Mutual Automobile Insurance Co., 83 N.M. 280, 491 P.2d 168 (1971); Motto v. State Farm Mutual Automobile Insurance Co., 81 N.M. 35, 462 P.2d 620 (1969); Miller v. Liberty Mutual Fire Insurance Co., 48 Misc.2d 102, 264 N.Y.S.2d 319 (1965); Anderson v. Allstate Insurance Co., 266 N.C. 309, 145 S.E.2d 845 (1966); Travelers Indemnity Co. v. Godfrey, 12 Ohio Misc. 143, 230 N.E.2d 560 (1967); Travelers Insurance Co. v. Lutz, 3 Ohio Misc. 144, 210 N.E.2d 755 (1964); Aetna Casualty and Surety Co. v. Associates Transports, Inc., 512 P.2d 137 (Okl.1973); Geertz v. State Farm Fire and Casualty, 253 Or. 307, 451 P.2d 860 (1969); Bradford v. American Mutual Liability Insurance Co., 213 Pa.Super. 8, 245 A.2d 478 (1968); Demmery v. National Union Fire Insurance Co., 210 Pa.Super. 193, 232 A.2d 21 (1967); Hamrick v. Hospital Service Corporation of Rhode Island, 296 A.2d 15 (R.I.1972); Wilson v. Tennessee Farmers Mutual Insurance Co., 219 Tenn. 560, 411 S.W.2d 699 (1966); Foundation Reserve Insurance Co. v. Cody, 458 S.W.2d 214 (Tex. Civ.App.1970); State Farm Mutual Insurance Co. v. Farmers Insurance Exchange, 22 Utah 2d 183, 450 P.2d 458 (1969); Collins v. Blue Cross of Virginia, 213 Va. 540, 193 S.E.2d 782 (1973); Travelers Indemnity Co. v. Rader, 152 W.Va. 699, 166 S.E.2d 157 (1969); State Farm Mutual Automobile Insurance Co. v. Geline, 48 Wis.2d 290, 179 N.W.2d 815 (1970); Associated Hospital Service, Inc. v. Milwaukee Automobile Insurance Co., 33 Wis.2d 170, 147 N.W.2d 225 (1967).

subrogation may include a number of claims over a specific period of time; subrogation entails a substitution, whereas assignment is an outright transfer."

An application of those distinctions to the matter at bar clearly illustrates that the contract looks to subrogation rather than outright assignment. In addition to the wording of the subrogation clause, the policy provides:

"This company is subrogated to, and may require from the insured an assignment of all right of recovery against any party for loss *to the extent that payment therefor is made by this company, and the insurer may prosecute therefore in the name of the insured retaining such amount as the insured has paid.*" (emphasis added)

■ Notwithstanding the use of the word assignment,[3] respondent (had medical payments been advanced) merely is asserting a right to reimbursement, contribution, and indemnity.

■ Appellants contend that the subrogation clause is void as against public policy. This Court does not agree. We note the parties stipulated that the policy was approved by the Commissioner of Insurance of the State of Idaho. The legislature has vested in the Commissioner the right and power to strike unfair or inequitable clauses. The Commissioner having taken no action, it must be presumed that the clause in question was not unfair, inequitable, or against public policy. Smith v. Motor Club of America Insurance Co., 54 N.J.Super. 37, 148 A.2d 37 (1959); Busch v. Home Insurance Co., 97 N.J.Super. 54, 234 A.2d 250 (1967); Travelers Insurance Co. v. Lutz, 3 Ohio Misc. 144, 210 N.E.2d 755 (1964).

■ We therefore hold that a provision in an automobile insurance policy whereby the insurer is subrogated to the rights of the insured to the extent of advanced medical payments, is distinct from an assignment of a claim for personal injury and is not invalid as against the common law or public policy of this state.[4]

We have examined appellants' other arguments and find them to be without merit. Judgment affirmed. Costs to respondent.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.

3. Subrogation rests on the principle that substantial justice should be obtained regardless of form. Remsen v. Midway Liquors, Inc., 30 Ill.App.2d 132, 174 N.E.2d 7, 12 (1961).

4. The trial court reached the same result but on a different theory. In such an event the judgment will still be affirmed. Lemmon v. Hardy, 95 Idaho 778, 519 P.2d 1168 (1974); Johnson v. Gorton, 94 Idaho 595, 495 P.2d 1 (1972); Industrial Indemnity Co. v. Columbia Basin Steel & Iron, Inc., 93 Idaho 719, 471 P.2d 574 (1970).