ASSOCIATED HOSPITAL SERVICE, INC., Respondent, v. MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant.

*October 4, 1966—January 3, 1967.*

For the appellant there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondent there was a brief by *Foley, Capwell, Foley & Kolbe* of Racine, and oral argument by *Rex Capwell.*

WILKIE, J. The issue raised on this appeal is:

Is a health insurance company entitled to subrogation rights against a liability insurance company where the health insurance company pays a claim by its insured under its insurance contract containing provision for subrogation of payments made to its insured, when its insured is injured by the negligent acts of a third person, and recovery is made by the insured from the third person's liability insurance company?

Thus, we are concerned here with the validity of a contractual provision for subrogation on the part of the insurer and we are not here concerned with the right of the insurer to subrogation in the absence of a contractual provision.

Blue Cross has specifically provided in its contract that it has subrogation rights when one of its policyholders is injured by the negligent acts of a third person. In

addition, Blue Cross notified Milwaukee Auto of this subrogation right prior to Milwaukee Auto's settlement with Mrs. Opine. Such a subrogation provision has been held to be valid by other courts. In *Michigan Medical Service v. Sharpe* [1] the insurance plan contained an express stipulation for subrogation. The court permitted subrogation stating:

"Enrichment of plaintiff is not unjust if pursuant to the express agreement of the parties, fairly and honestly arrived at before hand. It is neither unjust, unfair nor inequitable to give effect to an agreement which was not induced by mistake, overreaching, fraud or misrepresentation. . . . To agree with defendants that the subrogation clause gave plaintiff no rights whatsoever is to read it out of the agreement by rendering it meaningless. This a court may not do." [2]

A contractual provision permitting subrogation was held valid and was decisive of the issue.[3]

*Barmeier v. Oregon Physicians' Service* [4] indirectly supports the validity of a subrogation clause. In *Barmeier* the contract contained a clause providing that the

[1] (1954), 339 Mich. 574, 64 N. W. (2d) 713.

[2] Id. at page 577.

[3] Anno. 43 A. L. R. (2d) 1167; *Davenport v. State Farm Mut. Automobile Ins. Co.* (1965), 81 Nev. 361, 404 Pac. (2d) 10; *Travelers Ins. Co. v. Lutz* (1964), 32 Ohio Op. (2d) 469, 210 N. E. (2d) 755; *Miller v. Liberty Mut. Fire Ins. Co.* (1965), 48 Misc. (2d) 102, 264 N. Y. Supp. (2d) 319; *Bernardini v. Home & Automobile Ins. Co.* (1965), 64 Ill. App. (2d) 465, 212 N. E. (2d) 499; *Damhesel v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 60 Ill. App. (2d) 279, 209 N. E. (2d) 876. For cases to the contrary, see *Harleysville Mut. Ins. Co. v. Lea* (1966), 2 Ariz. App. 538, 410 Pac. (2d) 495; *Travelers Indemnity Co. v. Chumbley* (Mo. 1965), 394 S. W. (2d) 418. In these states assignment of personal injury claims is not permitted but such assignments are permitted in Wisconsin. *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70. For an excellent discussion of the problem see Kimball and Davis, The Extension of Insurance Subrogation, 60 Michigan Law Review (1962), 841.

[4] (1952), 194 Or. 659, 243 Pac. (2d) 1053.

benefits were not applicable in the event of injury or illness caused by the negligence or wrongful act of another, except to the extent that the injured person should make all reasonable efforts to recover from the tortfeasor and be unable to do so. The injured plaintiff recovered enough from the tort-feasor to cover the medical and hospital expenses, without being able to get enough to pay for general damages. Despite the lack of full indemnity in this situation the court interpreted the contract so as to relieve the defendant Physicians' Service from liability. This clause was in substance, though not in form, a subrogation clause. Thus, *Barmeier* essentially supports the validity of a subrogation clause.

There is no Wisconsin case squarely in point, although in a dictum in *Gatzweiler v. Milwaukee Electric Railway & Light Co.*,[5] the leading case denying subrogation under accident insurance policies in Wisconsin, the court states:

"If it be true that in the absence of some stipulation to the contrary a contract of casualty insurance is not for the reasons stated by the Texas court one of indemnity giving rise in the circumstances of this case to the right of subrogation as against the party wrongfully causing the injury, *and yet the parties might give it that character by a stipulation to that effect,* so far as we can discover there was no such stipulation in the contract in question." (Emphasis added.) [6]

Insurance companies writing medical and hospital expense coverage and medical payment coverage have made increased use of provisions in their policies which are aimed at avoiding duplication in coverage. These companies have written policies, with an appropriately reduced premium, which contain a subrogation provision. This contractual provision specifies that the insurance company has subrogation rights for any recovery from a third party or his insurer made by its insured who is injured by the negligence of the third party and who

[5] (1908), 136 Wis. 34, 116 N. W. 633.
[6] Id. at page 38.

incurs expenses which are paid by his own insurance company. These contractual provisions are reviewable by the insurance commissioner under sec. 208.162, Stats.

We conclude that the subrogation provision in question in the insurance contract is valid.

*By the Court.*—Judgment affirmed.