# BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Plaintiff-Appellant,

v.

# FIREMAN'S FUND INSURANCE COMPANY OF WISCONSIN and Stanley E. Altenbern, Defendants-Respondents.†

Court of Appeals

*No. 84–1853. Submitted on briefs December 4, 1985.—Decided May 14, 1986.*

(Also reported in 390 N.W.2d 79.)

† Petition to review granted.

For the plaintiff-appellant, the cause was submitted on the briefs of *Donald H. Piper* and *Terry J. Bath* of *Fellows, Piper & Schmidt* of Milwaukee.

For the defendants-respondents, the cause was submitted on the briefs of *Paul R. Hoefle, Frisch, Dudek and Slattery, Ltd.* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Blue Cross & Blue Shield United of Wisconsin (Blue Cross) appeals a circuit court judgment dismissing its subrogation complaint against Fireman's Fund Insurance Company of Wisconsin (Fireman's) and its insured, Stanley E. Altenbern.

The circuit court held that Blue Cross's complaint failed to state a claim for relief because it did not allege that Blue Cross's insured had been made whole by virtue of a settlement with Fireman's pursuant to *Garrity v. Rural Mutual Insurance Co.*, 77 Wis. 2d 537, 253 N.W.2d 512 (1977) and *Rimes v. State Farm Mutual Automobile Insurance Co.*, 106 Wis. 2d 263, 316 N.W.2d 348 (1982). We conclude that equitable principles do not require that Blue Cross's insured be made whole by virtue of the settlement with Fireman's. Thus, an allegation to such effect is not essential to Blue Cross's subrogation cause of action. Therefore, we reverse and remand for further proceedings upon the complaint.

Kyle Adams was injured while a passenger in a vehicle driven by Altenbern, owned by Wisconsin Coach-

lines, Inc., and insured by Fireman's. Kyle was insured, as a dependent of his father's, by Blue Cross, which paid $10,202.50 for hospital services, medical care and treatment rendered to Kyle as a result of the accident. After this payment, Blue Cross sent Fireman's notification of Blue Cross's subrogation rights.

Subsequently, the Adamses executed a release with Altenbern, Wisconsin Coachlines and Fireman's. For consideration of $60,000, the Adamses agreed to release the parties from "any and all claims, demands, actions and rights of action" arising out of the injuries, damages and losses sustained as a result of the accident. Fireman's policy limits were $100,000. In the release, the Adamses expressly acknowledged that they were not made whole for their damages by virtue of the settlement. Furthermore, the release indicated that because the Adamses were not made whole, the subrogation interest of Blue Cross was extinguished under *Rimes*.

Blue Cross commenced this subrogation action against Fireman's to recover the $10,202.50 paid on Kyle's behalf.[1] Fireman's moved to dismiss the complaint, claiming that a failure to allege that the Adamses had been made whole rendered the complaint defective. The trial court agreed, concluding that such an allegation was essential under *Rimes* and *Garrity*.

The issue is whether the complaint states a claim for which relief can be granted. Such an issue presents a question of law. *Cf. Morgan v. Pennsylvania General Insurance Co.,* 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979); *Evans v. Cameron,* 121 Wis. 2d 421, 426, 360

---

[1] Pertinent portions of the insurance contract were incorporated into the complaint.

N.W.2d 25, 28 (1985). An appellate court is not bound by a trial court's determination of a question of law but decides the matter *de novo. First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

We certified the issue in this case to the Wisconsin Supreme Court. In our certification, we inquired whether the holdings in *Rimes* and *Garrity* were intended to apply in a fact situation such as here. Our certification was tendered without the benefit of the recent Wisconsin Supreme Court decision in *Vogt v. Schroeder,* 129 Wis. 2d 3, 383 N.W.2d 876 (1986).[2] In *Vogt,* the supreme court noted that "[b]oth *Garrity* and *Rimes* rest upon the application of equitable principles to a particular set of circumstances." *Id.* at 13, 383 N.W.2d at 880. The court also noted that both cases presented the "inequitable prospect of insurance companies attempting to take the funds that should have gone to the insured." *Id.* at 14, 383 N.W.2d at 880. As such, the issue in *Rimes* and *Garrity* was one of priority between an insured and an insurer. *Vogt* concludes that "[t]he teaching of *Garrity* and *Rimes* is not the simplistic rule that is urged by Progressive to be of universal application in all subrogation cases. Rather, it is that subrogation depends upon the application of equitable principles to the facts of the case." *Id.* at 15, 383 N.W.2d at 881.

*Vogt* presented a case in which an automobile insurer asserted a subrogation claim against an underinsured tort-feasor and his insurance company premised upon underinsurance motorist coverage payments made to its insured. The supreme court concluded that

---

[2] The supreme court rejected our certification by order dated April 8, 1986—six days after the release of the *Vogt* decision.

the underinsurer had a right of subrogation against the tort-feasor and his insurer to the extent of benefits paid to its own insured. *Id.* at 17, 383 N.W.2d at 882. The supreme court noted that recognition of the subrogation right comported with the policy provisions and also with generally accepted equitable subrogation principles. *See id.* at 19, 383 N.W.2d at 882.

The compelling equitable factor which defeated the subrogation right asserted in *Rimes/Garrity* was the prospect of an insurer seeking funds from its own insured who had not been made whole. Such a factor was not present in *Vogt;* nor does it present itself in this case. Blue Cross does not assert any claim against the Adamses. Thus, we are not faced with the prospect of a subrogee claiming funds from a tort-feasor that would, in the absence of subrogation, have been applied toward the satisfaction of the insured's damages.[3]

With the reach of *Rimes/Garrity* having been defined and limited by our supreme court in *Vogt,* we conclude that equitable principles do not defeat Blue Cross's subrogation right in this case. Therefore, an allegation that the insured was made whole is not essential to Blue Cross's statement of its cause of action. Blue

---

[3] We are aware that the settlement agreement requires the Adamses to indemnify the releasees "from any claim that may be made against them in connection with this accident by Blue Cross—Blue Shield United of Wisconsin . . . ." To this end, the amount of Blue Cross's subrogated claim ($10,126.50) has been escrowed with Fireman's attorneys. While enforcement of this agreement would "divert" the amount of the subrogated claim from the Adamses (the insured) to Blue Cross (the insurer), the Adamses are not parties to this action and the question of any available remedies to them is not before us in this case.

Cross's subrogation rights as provided in the policy can therefore be enforced pursuant to *Associated Hospital Service, Inc. v. Milwaukee Automobile Mutual Insurance Co.*, 33 Wis. 2d 170, 147 N.W.2d 225 (1967), wherein the validity of a subrogation clause such as that involved here was upheld.

*By the Court.*—Judgment reversed and cause remanded.