## VALLEY FORGE INSURANCE COMPANY, a Wisconsin corporation, Plaintiff-Apellant,†
### v.
## HOME MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and Samuel W. McIlrath, Defendants-Respondents, Joseph E. ROPSON, Defendant.

Court of Appeals

*No. 85–2090. Submitted on briefs June 4, 1986.—Decided September 16, 1986.*

(Also reported in 396 N.W.2d 348.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For plaintiff-appellant, Valley Forge Insurance Co., briefs were submitted by *William C. Griesbach*, of Green Bay.

For defendants-respondents, Home Mutual Insurance Co. and Samuel W. McIlrath, a brief was filed by *Robert H. Bichler*, of Racine,

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Valley Forge Insurance Company appeals a summary judgment denying its property damage subrogation claim against Home Mutual Insurance Company and its insured, Joseph Ropson. The trial court concluded that *Garrity v. Rural Mutual Insurance Co.*, 77 Wis.2d 537, 253 N.W.2d 512 (1977), and *Rimes v. State Farm Mutual Automobile Insurance Co.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982), barred the claim because Valley Forge's insured, Samuel McIlrath, was not made whole for his damages by the payments from the two insurance companies. We affirm.

On review of a summary judgment, an appellate court applies the same standards as the trial court. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Messner v. Briggs & Stratton Corp.*, 120 Wis.2d 127, 131, 353 N.W.2d 363, 365 (Ct. App. 1984).

The parties stipulated to the facts. McIlrath and two passengers in his vehicle were seriously injured, and his wife was killed in an auto accident caused by Ropson's negligence. McIlrath had auto insurance with Valley Forge, which paid for his vehicle loss. Valley Forge notified Home Mutual that it had paid the collision loss, asserted subrogation rights for the amount paid, and requested payment in that amount from Home Mutual. Ropson's Home Mutual policy provided that it would pay damages for which Ropson was legally liable because of bodily injury or property damage. For bodily injury, it agreed to pay up to $25,000 per person and $50,000 per occurrence. For property damage, it agreed to pay up to $25,000. Other than the funds that were available through his liability insurance, Ropson possessed no nonexempt assets. He has been discharged in bankruptcy.

Home Mutual paid $25,000 to the two injured passengers in the McIlrath vehicle and $25,000 to McIlrath, exhausting coverage under its bodily injury liability coverage, and paid McIlrath $6,000 under its property dam-

age liability provisions.[1] McIlrath's injuries exceed the amounts paid him. Home Mutual paid what it owed under its property damage liability coverage to McIlrath rather than to Valley Forge at the insistence of McIlrath's attorney, who claimed that because McIlrath had not been wholly compensated for his damages, Valley Forge had no subrogation rights based upon *Rimes* and *Garrity.*

The settlement agreement between McIlrath and Home Mutual required McIlrath to indemnify Home Mutual "from any . . . liability . . . that it may suffer as a result of claims . . . made by [Valley Forge][2] . . . as a result of collision loss . . . ."

Valley Forge argues that the result of the trial court's decision is a double recovery by McIlrath. It relies in support of its claim upon the statement in *Rimes,* 106 Wis.2d at 272, 316 N.W.2d at 352, that "[t]he purpose of subrogation is to prevent a double recovery by the insured." Valley Forge's reliance on this premise is misplaced because there is no "double recovery" within the meaning of the *Rimes* rule. McIlrath had only one cause of action that included both his property

---

[1] There is a minor discrepancy between the amount paid to McIlrath by Home Mutual for his vehicle and the amount paid to him by Valley Forge, as well as in the amount claimed in the subrogation complaint. Neither party claims that the error has any bearing on this appeal and, as did the trial court, we believe it unimportant to the resolution of this case.

[2] Valley Forge belongs to the Continental Casualty Group, also known as CNA Insurance Company, whose official name appears in the release.

damage and his injuries.[3] "[A] cause of action must be viewed as a grouping of facts falling into a single unit or occurrence as a lay person would view them. This grouping of facts consists of 'the defendant's wrongful act.'" *Caygill v. Ipsen,* 27 Wis.2d 578, 582, 135 N.W.2d 284, 286–87 (1965).

The following language from *Garrity* and *Rimes* supports our decision: "Subrogation is to be allowed only when the insured is compensated in full by recovery from the tortfeasor." *Rimes,* 106 Wis.2d at 272, 316 N.W.2d at 353. "[T]he insurer has no right as against the insured where the compensation received by the insured is less than his loss." *Garrity,* 77 Wis.2d at 543, 253 N.W.2d at 515. "Under Wisconsin law the test of wholeness depends upon whether the insured has been completely compensated for all the elements of damages, not merely those damages for which the insurer has indemnified the insured." *Rimes,* 106 Wis.2d at 275, 316 N.W.2d at 355. "We pointed out in *Garrity* that the cause of action against a tortfeasor is indivisible. Accordingly, it is only when there has been full compensation for all the damage elements of the entire cause of action, that the insured is made whole." *Rimes,* 106 Wis.2d at 275, 316 N.W.2d at 355.

Valley Forge has directed our attention by letter to two decisions issued after this case was submitted for resolution: *Vogt v. Schroeder,* 129 Wis.2d 3, 383 N.W.2d 876 (1986), and *Blue Cross & Blue Shield United v. Fireman's Fund Insurance Co.,* 132 Wis.2d 62, 390

---

[3] Approximately 40 other states agree with this proposition. *See* cases collected at Annot., 24 A.L.R.4th 646 (1983).

N.W.2d 79 (Ct. App. 1986). We view these cases as inapposite to Valley Forge's position. *Vogt* and *Blue Cross* do not deal with "the prospect of an insurer seeking funds from its own insured who had not been made whole." *Blue Cross*, 132 Wis.2d at 62, 390 N.W.2d at 81. Although the record did not show the total amount of damages to which Vogt was entitled, *Vogt*, 129 Wis.2d at 7, 383 N.W.2d at 877, it implicitly suggests he was made whole when it distinguishes *Garrity* and *Rimes* as presenting "the inequitable prospect of insurance companies attempting to take the funds that should have gone to the insured." *Vogt*, 129 Wis.2d at 14, 383 N.W.2d at 880. *Blue Cross* is distinguished because the insureds were not made parties to the action, and "the question of any available remedies to them is not before us in this case." *Blue Cross*, 132 Wis.2d at 62 n.3, 390 N.W.2d at 81 n.3. McIlrath, who signed an indemnification similar to the insured in *Blue Cross*, is a party to this action and, therefore, unlike *Blue Cross*, the question of his remedy is before us.

Keeping in mind that "subrogation is an equitable doctrine and depends upon a just resolution of a dispute under a particular set of facts," *Vogt*, 129 Wis.2d at 12, 383 N.W.2d at 879, the present decision produces a just result. Although McIlrath has been paid twice for his auto loss, the wrongdoer and his insured have paid him less than his total loss. As between Valley Forge and McIlrath, "where either the insurer or the insured must to some extent go unpaid, the loss should be borne by

the insurer for that is a risk the insured has paid it to assume." *Garrity,* 77 Wis.2d at 542, 253 N.W.2d at 514.

*By the Court.*—Judgment affirmed.