# MUTUAL SERVICE CASUALTY COMPANY, Plaintiff-Appellant-Petitioner,

v.

# AMERICAN FAMILY INSURANCE GROUP, a domestic corporation, Defendant-Respondent,

## Geneva VILLAREAL and Peter J. Chronus, Defendants.

Supreme Court

*No. 85–1394. Argued March 2, 1987.—Decided May 15, 1987.*

(Also reported in 410 N.W.2d 582.)

556

For the plaintiff-appellant-petitioner there were briefs by *W. Wayne Siesennop, Maurita Houren* and *Godfrey, Trump & Hayes,* Milwaukee and oral argument by *W. Wayne Siesennop.*

For the defendant-respondent there was a brief and oral argument by *Neal C. Schellinger,* Milwaukee.

WILLIAM G. CALLOW, J. This is a review of an unpublished decision of the court of appeals summarily affirming an order of the circuit court for Milwaukee county, Judge Michael J. Skwierawski, dismissing Mutual Service Casualty Company's subrogation action against American Family Insurance Group.

The question in this case is whether it was error for the trial court to dismiss the tortfeasor's insurer, American Family Insurance Group, from a subrogation action brought by the injured party's subrogated insurer, Mutual Service Casualty Company, where the tortfeasor's insurer settled with the injured party and issued two checks, one of which was issued in the name of all the parties for the amount of the subrogated interest. Because we conclude that the settlement entered into between the injured party, Geneva Villareal, and American Family Insurance Group failed to protect the separate interest of the subrogated insurer, we reverse the lower court's dismissal of American Family Insurance Group.

557

This controversy arises from a suit brought by Mutual Service Casualty Company (Mutual) to recover payments made by Mutual to its insured, Geneva Villareal (Villareal), under the medical expense coverage of her auto insurance policy. This case is before us following a motion for summary judgment; thus, for the purpose of this review, all facts pleaded and all reasonable inferences therefrom are admitted as true. According to Mutual's amended complaint, the facts are as follows.

On April 6, 1982, the car driven by Villareal was negligently struck from behind by a car owned by Charles Bolser and insured through American Family Insurance Group (American Family). The car driven by Villareal was insured by Mutual. As a result of the collision, Villareal sustained personal injuries requiring medical treatment. Pursuant to its policy, Mutual paid $2,000 on behalf of Villareal for the medical expenses incurred as a result of the car accident. Upon paying Villareal's medical expenses, Mutual became subrogated to all rights of recovery of its insured to the extent of the $2,000 payment.[1] Mutual thereafter notified American Family of its subrogated interest.

Villareal, through her attorney Peter J. Chronus (Chronus), filed a claim against American Family for injuries resulting from the April 6, 1982, accident. Sometime later, Villareal negotiated a settlement with American Family. Pursuant to the settlement, American Family issued two checks—one in the amount of $7,900 made payable to Villareal and

---

[1] The subrogated interest of Mutual is evidenced by a Medical Expense Receipt, Release and Subrogation Agreement, signed by Villareal, in which she promised to do nothing to prejudice Mutual's subrogation rights.

Chronus, and another in the amount of $2,000 made payable to Villareal, Chronus, and Mutual. Although the complaint does not explicitly allege that American Family was aware of Mutual's subrogated interest at the time the settlement was reached, it is apparent from the fact that Mutual was named as payee on the check for $2,000 that American Family was aware of Mutual's subrogated interest.

Mutual subsequently requested that the check for $2,000 be endorsed over to Mutual to satisfy its subrogated interest. Villareal refused to endorse the check over to Mutual. Mutual's subrogated interest has yet to be satisfied.

On April 19, 1984, Mutual filed suit against American Family to recover the $2,000 which it paid on behalf of Villareal. In response to American Family's answer, in which American Family asserted that it had discharged its duty to Mutual by making the $2,000 check payable to Mutual, Villareal, and Chronus, Mutual amended its complaint to include Villareal and Chronus as defendants. In the amended complaint, Mutual requested a declaration that it was entitled to recover its subrogated interest in the amount of $2,000 and a determination by the court of "whether [Mutual's] subrogated interest is to be paid from the settlement proceeds of defendant, Geneva Villareal or from defendant American Family Insurance Group."

Mutual subsequently filed a motion for declaratory judgment seeking an order declaring its rights to the $2,000 check or, in the alternative, summary judgment against American Family for $2,000. American Family moved for summary judgment dismissing it from the action, arguing that it had discharged any duty it owed to Mutual by including Mutual as a payee

on the $2,000 check. At a hearing on the motions for summary judgment and declaratory relief, the parties stipulated to endorsing and depositing the check with the Milwaukee county clerk of courts. The trial court reserved judgment on the pending motions until it had time to review the applicability of *Rimes v. State Farm Mutual Automobile Insurance Co.,* 106 Wis. 2d 263, 316 N.W.2d 348 (1982).

On May 6, 1985, the trial court issued a memorandum decision in which it granted American Family's motion for summary judgment dismissing it from the lawsuit. According to the court, American Family was no longer a party to the action because it had discharged its obligation to Mutual by including Mutual as a payee on the $2,000 check.[2] The court also denied Mutual's motion for declaratory relief against Villareal on the ground that an issue remained between them as to whether, under *Rimes,* Villareal had been made whole by her settlement with American Family.

Mutual appealed the order of the trial court in favor of American Family, and the court of appeals summarily affirmed. We accepted Mutual's petition for review on June 10, 1986.

The question before us is whether American Family was properly dismissed from the subrogation action brought by Mutual. Our determination of this

---

[2]On July 1, 1985, the court clarified that the operative fact which removed American Family from any legal responsibility was the act of including Mutual as a payee on the check for $2,000. This clarification was made in response to a concern by Mutual that the parties' stipulation that the check be paid into the court had affected Mutual's substantive right to the proceeds of the check.

issue involves a question of law; we therefore need not defer to the decisions of the lower courts.

It is clear from our past cases that an insurer who pays a claim on behalf of its insured, under a policy providing for subrogation, has a cause of action against the tortfeasor and the tortfeasor's insurer for its subrogated interest. *See Associated Hospital Service v. Milwaukee Automobile Mutual Insurance Co.,* 33 Wis. 2d 170, 147 N.W.2d 225 (1967). In such a situation, we have characterized the interests of the insurer and the insured as each owning separately a part of the claim against the tortfeasor. *Heifetz v. Johnson,* 61 Wis. 2d 111, 120, 211 N.W.2d 834 (1973); *Wilmot v. Racine County,* 136 Wis. 2d 57, 63–64, 400 N.W.2d 917 (1987).

██

Because an insured and insurer each own separately part of the claim against the tortfeasor, a settlement or recovery by the insured operates to satisfy only the part of the claim owned by the insured. Because only the part of the claim owned by the insured is satisfied, the part of the claim owned by the insurer remains unsatisfied and may be sued upon by the insurer. Thus, when a tortfeasor's insurer and the injured party enter into a settlement which neither involves the subrogated insurer as a party to the settlement nor provides for the payment of the subrogated insurer's subrogated interest, the tortfeasor fails to satisfy the part of the claim owned by the subrogated insurer.[3]

---

[3] As noted earlier, it is apparent from the fact that Mutual was named as payee on the check for $2,000 that American Family was aware of Mutual's subrogated interest. We therefore do not reach

Because we conclude, under the facts as alleged by Mutual, that the settlement entered into between Villareal and American Family neither involved Mutual as a party to the settlement nor provided for the payment of Mutual's subrogated interest, we hold that American Family has not satisfied Mutual's subrogated interest and was, therefore, erroneously dismissed from the subrogation action brought by Mutual. By virtue of its payment of $2,000 on behalf of Villareal for medical expenses incurred as a result of the car accident, Mutual acquired a subrogated interest in Villareal's claim against the tortfeasor. As the holder of a subrogated interest, Mutual owns part of the claim against the tortfeasor. According to the complaint, Mutual was not a party to the settlement agreement by Villareal and American Family. Thus, absent some indication that Villareal had the authority to settle the part of the claim owned by Mutual, Villareal's agreement with American Family could not and did not impair Mutual's right to enforce its part of the claim.[4] Because Villareal's agreement to settle operated only to settle the part of the claim owned by Villareal, the part of the claim owned by Mutual remains unsatisfied and enforceable against the tortfeasor and the tortfeasor's insurer.

the issue of whether a settlement entered into without notice of an outstanding subrogated interest satisfies the tortfeasor's duty to the subrogated insurer.

[4]Neither an injured party nor his or her attorney may act to bind a subrogated insurer to a settlement entered into between the injured party and the tortfeasor. Because Mutual is not bound by the terms of the settlement, Mutual's subrogated interest was not extinguished by the settlement entered into between Villareal and the tortfeasor.

Furthermore, we disagree with the conclusions of the lower courts that American Family, by issuing a check in the name of all the parties, satisfied its legal obligation to Mutual. American Family's act of naming Mutual as a payee did not protect Mutual's subrogated interest. Because Mutual is only one of three parties named as payee and the other named parties have refused to endorse the check, Mutual is unable to cash the check in satisfaction of its part of the claim against the tortfeasor. Thus, the inclusion of Mutual as a payee does not satisfy American Family's legal obligation to Mutual. For American Family to satisfy its obligation to Mutual, American Family must either obtain a separate release from Mutual (releasing Mutual's part of the claim against the tortfeasor) or issue a separate check payable to Mutual only.

Although American Family's argument centers on its belief that by listing Mutual as a payee it has discharged its duty to Mutual, American Family stated in its brief, in support of summary judgment, that the "issue as to whether Mutual Service is entitled to the $2,000.00 that it paid to Geneva Villareal under the medical expense coverage is dependent on whether or not Geneva Villareal 'has been made whole,' as defined in the *Garrity* and *Rimes* cases." We disagree. As we noted in *Blue Cross & Blue Shield United of Wisconsin v. Fireman's Fund Insurance Company,* 140 Wis. 2d 544, 411 N.W.2d 133 (1987), neither *Garrity v. Rural Mutual Insurance Co.,* 77 Wis. 2d 537, 253 N.W.2d 512 (1977), nor *Rimes, supra,* is applicable in an action brought by a subrogated insurer against the tortfeasor or the tortfeasor's insurer where

the subrogated insurer's insured has previously settled with the tortfeasor.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court with directions to reinstate American Family Insurance Group as a party in this action.