Philip PETRO and Patricia A. Petro, Plaintiffs-Appellants,

v.

D.W.G. CORPORATION and Insurance & Risk Management, Inc., Defendants-Respondents.

Court of Appeals

*No. 88–1580. Submitted on briefs November 25, 1988.—Decided January 10, 1989.*

(Also reported in 436 N.W.2d 875.)

For plaintiffs-appellants there was a brief by *Ronald S. Aplin* and *Johnson, Weis, Paulson & Priebe, S.C.,* of Rhinelander.

For defendants-respondents there was a brief by *Timothy L. Vocke* and *Ralph W. Symons,* of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Philip and Patricia Petro appeal a judgment dismissing their action for breach of contract, bad faith, and punitive damages on grounds

that their complaint fails to state a claim.[1] The defendant, Insurance and Risk Management, Inc. (IRMI), is the administrator of a health and disability trust for the benefit of, among others, Great Plains Gas employees and their dependents, including Philip and his wife, Patricia.[2] Because the Petros' claims are contingent upon Wisconsin subrogation law, which has been preempted by an act of Congress, their claim fails.

Patricia was injured in an auto accident while covered by the terms of a health plan provided to her husband and his dependents through his employment at Great Plains Gas. One of the plan's provisions requires beneficiaries to reimburse the trust fund from proceeds of any recovery from third parties. The Petros received a $50,000 settlement from the insurer of the other driver involved in Patricia's accident. Although it is undisputed for purposes of this appeal that Patricia's injuries exceed the $50,000 settlement, IRMI refused to pay further medical benefits for Patricia until she assigned a share of the proceeds of her settlement in repayment of previously paid medical bills. There is no question that under Wisconsin law an insurer cannot be subrogated in this fashion until the insured has been made whole. *Rimes v. State Farm Mut. Auto. Ins. Co.,* 106 Wis. 2d 263, 316 N.W.2d 348 (1982).

The benefit plan in this case, however, comes within the provisions of the federal Employee Retire-

---

[1]This is an expedited appeal pursuant to Rule 809.17. Because affidavits were filed in opposition to the defendants' motion to dismiss, this matter is treated procedurally as though the motion were for summary judgment. *See Radlein v. Industrial Fire & Cas. Ins. Co.,* 117 Wis. 2d 605, 608–09, 345 N.W.2d 874, 876–77 (1984); sec. 802.06(2), Stats.

[2]D.W.G. Corporation was voluntarily dismissed as a defendant in the trial court.

ment Income Security Act of 1974 (ERISA). ERISA comprehensively regulates employee pension and welfare plans. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 732 (1985). ERISA preempts state law if the plan under consideration is an uninsured plan, that is, funded through employer/employee contributions rather than through purchased private insurance. *Metropolitan Life.* Preemption thus would allow the parties to agree to provisions otherwise prohibited by state law. The Petros, in an attempt to avoid the unmistakable mandate of *Metropolitan Life,* assert that there are disputed material facts concerning whether this is an insured or an uninsured plan.

A trial affidavit incorporates a letter from the IRMI claims director stating that the benefit trust in this instance is funded solely by employer/employee contributions and not paid under an insurance policy. This statement is unrefuted. Although one of the Petros' attorneys submitted an affidavit referring to private coverage by Republic National Life Insurance Company, the plan itself demonstrates that Republic's coverage is limited to "Life and Accidental Death and Dismemberment."[3] There is no factual basis to support further proceedings.

Because the underlying breach of contract action fails, we do not address in detail the remaining claims for bad faith and punitive damages. Even if those claims survived independent of any breach, they would

---

[3]The Petros also challenge the timeliness of a defense affidavit that reinforces IRMI's position that the medical pay plan was self-insured. Since the other evidence establishes a prima facie defense to this action, the challenged affidavit need not be considered.

be barred by the holding in *Pilot Life Ins. Co. v. Dedeaux,* 107 S. Ct. 1549 (1987).

*By the Court.*—Judgment affirmed.