Scott E. LEONARD, Plaintiff-Respondent,

WISCONSIN PHYSICIANS SERVICE, Plaintiff-Appellant,

v.

Christopher D. DUSEK, Viking Insurance Company
and Rural Mutual Ins. Co., Defendants-Third Party
Plaintiffs,

BADGER STATE MUTUAL CASUALTY COMPANY, Third Party
Defendant.

Court of Appeals

*No. 93–2877. Submitted on briefs April 4, 1994.—Decided
April 26, 1994.*

(Also reported in 516 N.W.2d 453.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Teresa Stromen-Baier* of *Gherty & Gherty, S.C.* of Hudson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *B.J. Hammarback* and *Daniel P. Murray* of *Hammarback Law Offices, S.C.* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The issues on appeal are whether Wisconsin's insurance subrogation law permitting a subrogated insurer to be reimbursed only if the insured has been made whole applies to the Wisconsin state employee health plan and, if so, whether the trial court erred by not ordering a *Rimes*[1] hearing. Because we conclude that the health plan is subject to Wisconsin's insurance subrogation law, and because neither party requested a *Rimes* hearing, the judgment is affirmed.

Scott Leonard, a state employee covered under the health plan, was injured in an automobile accident. Leonard was a passenger in a car that collided with another car. Wisconsin Physicians Service (WPS) paid $1,679 for Leonard's medical expenses and, pursuant to the health plan's contract, it became subrogated to Leonard's claims against the drivers of the cars involved in the accident. When Leonard filed his personal injury action, he named WPS in the complaint for subrogation purposes, and WPS in turn counterclaimed against Leonard and cross-claimed against the drivers and their insurers.

---

[1] *Rimes v. State Farm Mut. Auto. Ins. Co.,* 106 Wis. 2d 263, 316 N.W.2d 348 (1982).

Eventually, Leonard settled for approximately $26,000[2] with the drivers and their insurers, and Leonard agreed to hold them harmless against any WPS claims. The trial court accepted the settlement and therefore dismissed all of the parties, except Leonard and WPS. In the remaining subrogation action against Leonard, WPS argued that because the state employee health plan was self-funded, Wisconsin's insurance law concerning subrogation did not apply, and therefore it should recover its subrogated amount regardless whether Leonard was made whole in the settlement. The trial court concluded that WPS was not exempt from the court rulings in *Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 316 N.W.2d 348 (1982), and *Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 253 N.W.2d 512 (1977),[3] and consequently WPS could not recover anything from Leonard because it had not shown that he was made whole by the settlement. The trial court dismissed WPS's action against Leonard without conducting a *Rimes* hearing as neither Leonard nor WPS requested such a hearing.

WPS contends that existing state law, which allows an insurer to recover its subrogated amount only if the insured has been made whole, does not apply to the health plan because it is a government self-funded plan. Essentially, it argues that the health plan is a public nonprofit operation governed under ch. 40,

[2] The actual amount is never revealed in the record, but the parties for the purpose of this appeal use this figure in their briefs.

[3] An insured must first be made whole before the insurer is entitled to its share of subrogation. *Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 271-72, 316 N.W.2d 348, 353 (1982); *Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 541, 253 N.W. 512, 514 (1977).

STATS., unlike private insurance companies that are regulated through ch. 600, STATS., and subject to the subrogation law. Additionally, WPS reasons that the same analysis for concluding the Federal Employee Retirement Income Security Act of 1974 (ERISA) is not subject to the subrogation law applies to Wisconsin's state employee health plan. On the other hand, Leonard argues that equity requires he be made whole under *Garrity* and *Rimes* before WPS has a right to subrogation. We agree with Leonard.

Chapter 40, STATS., defines the responsibilities of the Department of Employee Trust Funds and the various boards administering the public employee trust fund. One of these, the group insurance board, is authorized to provide group insurance plans for public employees and their dependents. *See* § 40.03(6), STATS. This may be done on a self-insured basis, where the board contracts directly with the providers of health care services, or it may be done by entering into contracts with outside insurers as was done in this case with WPS. *See* § 40.03(6)(a)2 and (6)(a)1, STATS. Importantly, however, is the absence of any language in ch. 40 that would arguably sever the health plan from the application of Wisconsin's subrogation law.

■

We begin by noting that *Garrity* and *Rimes* "rest upon the application of equitable principles to a particular set of circumstances." *Vogt v. Schroeder,* 129 Wis. 2d 3, 13, 383 N.W.2d 876, 880 (1986). The supreme court explained that "[t]he teaching of *Garrity* and *Rimes* is not the simplistic rule that is urged . . . to be of universal application in all subrogation cases. Rather, it is that subrogation depends upon the application of equitable principles to the facts of the case." *Vogt,* 129 Wis. 2d at 15, 383 N.W.2d at 881.

We recognize that under common-law principles of subrogation, an insured must be made whole before the insurer is entitled to reimbursement. The full rationale has been repeated in numerous appellate opinions and need not be repeated here. It is sufficient to say that the subrogation law is based upon equitable principles, and the supreme court in *Garrity* simply extended this equitable principle to an insurance situation where it concluded that subrogation is to be allowed only when the insured is compensated in full by recovery from the tortfeasor. The insured must be made whole, but no more than whole. *See Rimes,* 106 Wis. 2d at 272, 316 N.W.2d at 353.

We also recognize that the holdings of *Garrity* and *Rimes* do not apply in all subrogation cases. In three insurance type cases, we have concluded that the common-law principles of subrogation were inapplicable. In *Waukesha County v. Johnson,* 107 Wis. 2d 155, 162-63, 320 N.W.2d 1, 4 (Ct. App. 1982), we held that the reimbursement formula set forth in § 49.65, STATS., permitted the counties to be reimbursed for medical assistance payments from the proceeds of an automobile accident settlement despite the fact that the recipients had not been fully compensated. In *Martinez v. Ashland Oil, Inc.,* 132 Wis. 2d 11, 15-16, 390 N.W.2d 72, 74 (Ct. App. 1986), we held that the distribution scheme in § 102.29, STATS., permitted a worker's compensation carrier to share in the settlement proceeds recovered from a third party by a wife and child of a worker killed in an industrial accident, even though the wife and child had not been made whole. We reasoned that given the nature of the distribution scheme of the Workers Compensation Act, the legislature cre-

ated an exception to the common-law rules of subrogation.

In *Petro v. D.W.G. Corp.*, 148 Wis. 2d 725, 727-28, 436 N.W.2d 875, 876 (Ct. App. 1989), we held that Congress preempted Wisconsin's subrogation law and therefore in the ERISA action, recovery could be made from the settlement proceeds without having to prove the injured person had been made whole. We did not conclude that because it was a government self-funded health plan, it was exempt from our equitable principles of subrogation. Also, we reject any reading of *Garrity* and *Rimes* that would restrict their holdings to private insurance companies. Although both cases dealt with private insurers, the supreme court did not in any way limit those holdings to private insurers regarding our common-law principles of subrogation.

Therefore, we start with the premise that our common-law principles of subrogation apply to require that an injured party must be made whole before subrogation is permitted. Unless Congress, our legislature or our supreme court creates an exception to this rule, it remains the rule to be applied. The legislature in ch. 40, STATS., has not devised a scheme for payment or used any language that would even arguably render the common-law subrogation principles inapplicable for state employee health plans. Had the legislature deemed it necessary to change the subrogation law for state employee health plans, it could have done so as it did in § 49.65, STATS., for medical assistance payments, and § 102.29, STATS., for worker's compensation benefits. However, it did not. Consequently, we reject WPS's argument that it may recover its health care payments from the settlement proceeds without first proving that Leonard had been made whole by the settlement.

Next, WPS contends the trial court should not have dismissed its subrogation claim without first affording it a *Rimes* hearing. Neither WPS nor Leonard requested a *Rimes* hearing; nor did WPS allege in its complaint that Leonard had been made whole by the settlement. At the trial court, WPS's sole position was that it was entitled to recover its health care payments from the settlement proceeds without having to prove Leonard had been made whole. After the trial court rejected WPS's argument and then dismissed its subrogation claim, WPS argued for the first time on appeal that the trial court must afford it a *Rimes* hearing.

The general rule is that the party seeking subrogation has the burden of introducing evidence to prove its right to subrogation. *Cunningham v. Metropolitan Life Ins. Co.,* 121 Wis. 2d 437, 445-46, 360 N.W.2d 33, 37 (1985). Implicit in this rule is that the party seeking subrogation must plead in its complaint the basis for its right to subrogation. *See Gordon v. Wisconsin Health Org. Ins. Corp.,* 181 Wis. 2d 515, 521-23, 510 N.W.2d 832, 835-36 (Ct. App. 1993). We recognize that in *Blue Cross & Blue Shield United of Wisconsin v. Fireman's Fund Ins. Co.,* 140 Wis. 2d 544, 552-53, 411 N.W.2d 133, 136 (1987),[4] the supreme court held that Blue Cross did not have to allege in its complaint seeking subrogation that the insured was made whole. However, the supreme court's holding was based on the fact that Blue Cross's complaint was seeking funds from the tortfeasor and his insurer. The court emphasized that it was not a situation where an insurer was

---

[4] *Blue Cross & Blue Shield United of Wisconsin v. Fireman's Fund Ins. Co.,* 140 Wis. 2d 544, 411 N.W.2d 133 (1987), was overruled in part by *Schulte v. Frazin,* 176 Wis. 2d 622, 634-35, 500 N.W.2d 305, 309-10 (1993).

seeking funds from its own insured or where an insurer was competing directly with its insured for a limited set of funds. Because Blue Cross had a valid subrogation clause and claim against another insurer regardless of whether the insured was made whole, it concluded that an allegation in its complaint for subrogation that the insured was made whole was not essential to its cause of action. *Id.* at 553, 411 N.W.2d at 136. Implicit in this holding is that if the insurer was seeking funds from its own insured or where an insurer was competing directly with its insured for a limited set of funds, it is essential to allege the insured was made whole.

Additionally, in *Gordon,* we addressed the issue of whether there was an adequate request for a *Rimes* hearing. We concluded that both parties anticipated from the very outset that a *Rimes* hearing might be necessary as there was sufficient language in the pleadings as well as the arguments of counsel at the hearings before the trial court disputing whether the injured party had been made whole. We held this was sufficient to alert the trial court of the necessity for a *Rimes* hearing. *See Gordon,* 181 Wis. 2d at 521-24, 510 N.W.2d at 835-36.

Thus, in our case, in order for WPS to state a claim for subrogation, it was essential to allege that Leonard had been made whole by the settlement. As *Rimes* stated, "only where an injured party has received an award by judgment or otherwise which pays all his elements of damages, including those for which he has already been indemnified by an insurer, is there any occasion for subrogation." *Id.* at 275, 316 N.W.2d at 355. Here, because WPS pursued subrogation solely on the theory that the common-law subrogation principles

were inapplicable, it neither alleged nor offered to prove that Leonard had been made whole by the settlement. Also, unlike the parties in *Gordon,* there was never a dispute as to whether Leonard had been made whole. Rather, the sole focus was on whether WPS was entitled to seek subrogation regardless of whether Leonard had been made whole by the settlement. Consequently, WPS failed to preserve any claim for subrogation under the theory that the health plan has paid Leonard's medical expenses and he was made whole by the settlement.

*By the Court.*—Judgment affirmed.